805 So.2d 868 (2001)
Florida HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., Appellant,
v.
Patrick Sean MARSONEK, Appellee.
No. 2D99-4493.
District Court of Appeal of Florida, Second District.
September 14, 2001.
Leonard E. Ireland, Jr., Gainesville, for Appellant.
*869 No appearance for Appellee.
PER CURIAM.
The Florida High School Activities Association, Inc. (FHSAA) appeals from a nonfinal order "Granting Injunctive and Declaratory Relief" in favor of a high school football player, Patrick Sean Marsonek, whom it had suspended from participating in a playoff football game which could have led to the regional finals. Although the issue before this court is moot, there is a possibility of repetition. Thus, because the plaintiff and the trial court failed to satisfy the requirements of Florida Rule of Civil Procedure 1.610 before entry of this ex parte injunction, we reverse.
On Friday, November 19, 1999, in a football game between Thomas Jefferson and Lecanto High Schools, Marsonek, who played for Jefferson, was ejected from the game because of two alleged unsportsman-like-conduct fouls in the same game. As a result, the FHSAA imposed a one-game suspension prohibiting Marsonek from playing in Jefferson's upcoming football game on Friday, November 26, 1999. Although it is not entirely clear from this record, that suspension apparently occurred on the night of the incidents.
Thereafter, Marsonek obtained counsel who filed a notice of emergency hearing along with a verified complaint requesting injunctive or declaratory relief. The complaint commingled the requests for these alternative forms of relief. Essentially, however, the relief sought on an emergency basis was for a temporary injunction against FHSAA prohibiting it from enforcing the one-game suspension against Marsonek and permitting him to play in the football game scheduled to take place on Friday, November 26, 1999.
The notice of emergency hearing indicated that the hearing would commence at 4:30 p.m. on November 24, 1999, "before the an [sic] Honorable Judge." It was certified as having been hand delivered to the "Clerk of Courts" on November 24, 1999. Apparently, an ex parte hearing was held late Wednesday, November 24, 1999, just before the start of the long Thanksgiving holiday. In regard to whether notice had been given to FHSAA, Marsonek's complaint merely averred that
[b]ecause of the upcoming Thanksgiving holidays scheduled high school play-off football game scheduled on November 26, 1999, Plaintiff has unilaterally filed this injunctive relief and is unable to provide notice to the defendant in a timely fashion. If notice is required to be provided before relief can be granted, this Plaintiff will be irrepairably [sic] harmed and the issue of his eligibility for the football game on November 26, 1999, will be moot.
On November 24, 1999, the trial court entered an ex parte order "Granting Injunctive and Declaratory Relief." In that order, the trial court "declared" that FHSAA could not impose the one-game suspension against Marsonek and "permitted" him to play in the football game on November 26, 1999, on behalf of Jefferson High School.
Rather than moving to dissolve the temporary injunction, FHSAA filed this interlocutory appeal. Thus, this court may not inquire into the factual matters presented in the underlying case. See United Farm Workers of Am., AFL-CIO v. Quincy Corp., 681 So.2d 773 (Fla. 1st DCA 1996). Rather, this court's inquiry is limited to the legal sufficiency of the order on appeal, the complaint, and any supporting documents. Id.; see also Hotel-Motel, Rest. Employees & Bartenders Union, Local 339 of Broward County v. Black Angus of Lauderhill, Inc., 290 So.2d 479 (Fla. *870 1974). Notably, Marsonek failed to file an answer brief in this appeal and has failed to provide this court with an appendix of the record. Hence, we are confined to a review based upon the record provided by the appellant, FHSAA.
On the face of the order, the trial court acknowledged that the hearing was conducted ex parte and indicated only that the plaintiff was present and heard. In the abbreviated record provided to this court, there is no indication that the plaintiffs counsel certified, in writing, the efforts that were made to give notice as required in rule 1.610(a)(1)(B). See Fla. High Sch. Activities Ass'n v. Benitez, 748 So.2d 358 (Fla. 5th DCA 1999). Indeed, the verified complaint merely concluded that notice could not be provided in a timely fashion without giving any legitimate factual explanation why the plaintiff was prevented from providing such notice. The order did not address the trial court's reasons for allowing the plaintiff to proceed ex parte without notice to the defendant as required by rule 1.610(a)(2). Further, the order did not define the injury or state findings why any possible injury might be irreparable as required in rule 1.610(a)(2). Finally, the order did not require a bond, a prerequisite in all but two circumstances inapplicable in the present case. See Fla. R. Civ. P. 1.610(b); Quincy Corp., 681 So.2d at 777. Accordingly, we reverse.
Reversed.
THREADGILL, A.C.J., and SALCINES and STRINGER, JJ., Concur.