857 So.2d 315 (2003)
Magdalena SANTOS, Appellant,
v.
TAMPA MEDICAL SUPPLY, Appellee.
No. 2D02-5745.
District Court of Appeal of Florida, Second District.
October 10, 2003.
*316 Michael Vincent Laurato of Austin & Laurato, Tampa, for Appellant.
Daniel F. Pilka of Pilka & Associates, P.A., Brandon, for Appellee.
STRINGER, Judge.
Magdalena Santos seeks review of the nonfinal order granting Tampa Medical Supply's ("TMS") motion for temporary injunction restraining former employee Santos from competing against TMS in violation of a noncompete confidentiality agreement. We affirm the entry of the temporary injunction but remand to the trial court for entry of an order which sets forth the necessary findings of fact. On remand, the court shall set a bond after an evidentiary hearing as to the appropriate amount.
Santos did not move to dissolve the temporary injunction prior to this appeal; thus, we confine our review to the legal sufficiency of the order, complaint, and supporting documents. See High Sch. Activities Ass'n, Inc. v. Marsonek, 805 So.2d 868, 869 (Fla. 2d DCA 2001). Based on the order, complaint, and supporting documents in this case, we affirm the entry of the injunction as legally sufficient. However, we find merit in two of Santos's five points on appeal.
First, the trial court failed to set forth in its order sufficient factual findings in support of the temporary injunction, as required by Florida Rule of Civil Procedure 1.610(c). The four findings necessary to support injunctive relief are "(1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) considerations of the public interest." Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568, 570 (Fla. 2d DCA 1996) (quoting Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994)). The findings must do more than parrot each tine of the four-prong test. Id. In this case, the trial court's order summarily addresses the element of irreparable harm and fails to address the remaining three elements.
*317 Santos is also correct in arguing that the trial court erred by failing to require the movant, TMS, to post a bond. See East v. Aqua Gaming, Inc., 805 So.2d 932 (Fla. 2d DCA 2001); Fla. R. Civ. P. 1.610(b). Pursuant to rule 1.610(b), "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper...." The only exceptions to the bond requirement are not applicable in this case. Fla. R. Civ. P. 1.610(b).
Accordingly, we affirm the trial court's entry of temporary injunction but remand this cause to the trial court for entry of an order which sets forth the necessary factual findings and for the trial court to set a bond after providing both parties the opportunity to present evidence regarding the appropriate amount. See Bellach v. Huggs of Naples, Inc., 704 So.2d 679 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded with instructions.
WHATLEY and KELLY, JJ., Concur.