915 So.2d 666 (2005)
MASTERS FREIGHT, INC., Eric Masters, and Michael Wellner, Appellants,
v.
SERVCO, INC., and AVXA, Inc., d/b/a American Freight Company, Appellees.
No. 2D05-1536.
District Court of Appeal of Florida, Second District.
October 12, 2005.
Patrice A. Pucci of Patrice A. Pucci, P.A., St. Petersburg, for Appellants.
Robert Hitchens of Paul W. Hitchens, P.A., St. Petersburg, for Appellees.
WHATLEY, Judge.
The Appellants challenge the entry of a temporary restraining order preventing them from competing against American Freight Company, their former employer, pursuant to a noncompete agreement. We reverse because the trial court did not make specific findings which would support injunctive relief.
A temporary injunction may be granted only if the movant establishes (1) a likelihood of irreparable harm; (2) unavailability of an adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction. Snibbe v. Napoleonic Soc'y of Am., Inc., 682 So.2d 568, 570 (Fla. 2d DCA 1996). An injunction must specify the reasons for its entry and the findings supporting *667 the four elements must be clear, definite, and unequivocal. Id.; Fla. R. Civ. P. 1.610(c). In the present case, the order on appeal addresses only the first element, finding that "immediate and irreparable injury, loss, or damage will result" to the Appellees. The trial court failed to address in the order or at the hearing on the injunction the availability of an adequate remedy at law, whether there was a substantial likelihood of success on the merits, and considerations of the public interest.
Accordingly, we reverse the order and remand this case for the trial court to review the record and make a determination regarding whether the record supports the above four elements and enter a proper order delineating the specific reasons why the Appellees are entitled to injunctive relief. See Snibbe, 682 So.2d at 570. On remand, if the trial court enters a temporary injunction, it must set a bond after providing both parties with an opportunity to present evidence regarding the appropriate amount of the bond. See Santos v. Tampa Med. Supply, 857 So.2d 315 (Fla. 2d DCA 2003).
Reversed and remanded with directions.
SALCINES and CANADY, JJ., concur.