942 So.2d 446 (2006)
Patrick WALSH, Appellant,
v.
PAW TRUCKING, INC., Appellee.
No. 2D06-1080.
District Court of Appeal of Florida, Second District.
November 22, 2006.
*447 Robert Hitchens of Paul W. Hitchens, P.A., St. Petersburg, for Appellant.
Thomas J. Zandecki of Thomas J. Zandecki, P.A., New Port Richey, for Appellee.
WALLACE, Judge.
Patrick Walsh seeks review of a temporary injunction that enforces a covenant not to compete contained in an employment agreement between Mr. Walsh and his former employer, PAW Trucking, Inc. On appeal, Mr. Walsh makes three arguments: (1) the trial court erred in finding that he had violated the covenant not to compete because none of the four companies that were named in the injunction were "customers" within the meaning of the covenant, (2) the scope of the geographical area within which he was restricted from competing with PAW Trucking by the covenant was unreasonable, and (3) the trial court erred in entering the temporary injunction because it failed to make the required findings of fact. Mr. Walsh's first two arguments are without merit and do not require discussion. However, his third argument has merit. Accordingly, we reverse the trial court's order granting the temporary injunction, and we remand this case to the trial court for the entry of a proper order that includes the necessary findings of fact on whether the entry of a temporary injunction is warranted.
At the conclusion of the hearing on PAW Trucking's motion for a temporary injunction, the trial court announced that PAW Trucking had met its burden of showing a prima facie case and stated that it intended to enter the injunction. In the written order that followed the conclusion of the hearing, the trial court found that PAW Trucking "has met its burden of proof in order for the Court to grant temporary injunctive relief" against Mr. Walsh. However, the trial court did not make findings of fact, either orally or in writing, that would support its entry of the temporary injunction.
Covenants not to compete are governed by section 542.335, Florida Statutes.[1] *448 Section 542.335(1)(j) authorizes trial courts to enter temporary injunctions as one method of enforcing a covenant not to compete. See Supinski v. Omni Healthcare, P.A., 853 So.2d 526, 529-30 (Fla. 5th DCA 2003) (stating that covenants not to compete that "fit[] within the parameters of section 542.335 . . . may be enforced by the injunctive power of the courts"). Generally, when a trial court enters an order for a temporary injunction, it must make four specific, factual findings in support of its order. Masters Freight, Inc. v. Servco, Inc., 915 So.2d 666, 666 (Fla. 2d DCA 2005). The trial court must find that the movant established "(1) a likelihood of irreparable harm; (2)[the] unavailability of an adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) [that] considerations of public interest support the entry of the injunction." Id. In the case of a temporary injunction to enforce a covenant not to compete, the trial court's findings should specifically relate to the alleged breach of the covenant. See id. at 666-67 (requiring that the trial court make specific findings to support the entry of an injunction).
The requisite findings may be quickly outlined. Section 542.335(1)(j) provides that "[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." An enforceable restrictive covenant is one in which "the contractually specified restraint is reasonably necessary to protect [a] legitimate business interest." § 542.335(1)(c), Fla. Stat. (2003). Section 542.335(1)(c) empowers the trial court enforcing a covenant to "modify the restraint" in the covenant to ensure that the covenant imposes only the restraint that is reasonably necessary to protect the legitimate business interest. Therefore, to benefit from the presumption of irreparable injury, the party seeking to enforce a covenant not to compete must show that the covenant protects a legitimate business interest as defined by section 542.335(1)(b) and that the covenant was violated. See Colucci v. Kar Kare Auto. Group, 918 So.2d 431, 438 (Fla. 4th DCA 2006) (citing Hapney v. Cent. Garage, Inc., 579 So.2d 127, 134 (Fla. 2d DCA 1991), for the proposition "that [the] proof of a legitimate business interest is `the threshold for a presumption of irreparable harm on breach of [the] contract.'").[2] A trial court's finding that a covenant protects a legitimate business interest is also important to public interest considerations. See Hapney, 579 So.2d at 129-32 (outlining the public interest considerations that bear on enforcing a legitimate covenant not to compete).
Evidence that an enforceable covenant not to compete was breached will support a trial court's finding of the likelihood of success on the merits. However, the party against whom the injunction is sought may offer "pertinent legal and equitable defenses" to the claimed breach. See § 542.335(1)(g)(2) & (3) (listing various factors that might make the covenant unenforceable); Lotenfoe v. Pahk, 747 So.2d 422, 425 (Fla. 2d DCA 1999) (noting that the appellant's "two potential defenses" placed the appellee's likelihood of success on the merits in question); Supinski, 853 So.2d at 532 (discussing the finding of likelihood of success on the merits in the context of a covenant not to compete). In this case, Mr. Walsh did not assert any *449 valid defenses to PAW Trucking's claim that he had breached the covenant not to compete.
Because the trial court did not make the findings necessary to support the entry of the temporary injunction, we are constrained to reverse the order. On remand, the trial court must review the record, determine whether the record supports the four necessary elements, and enter an order with specific findings of fact determining whether PAW Trucking is entitled to a temporary injunction.
Reversed and remanded with directions.
DAVIS and KELLY, JJ., Concur.
NOTES
[1] In this case, the covenant not to compete, signed in May 2004, is governed by the 2003 version of Florida Statutes.
[2] The Supreme Court of Florida disapproved of our decision in Hapney on other grounds in Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla.1995).