947 So.2d 1195 (2007)
E.I. DUPONT DE NEMOURS AND COMPANY, Appellant,
v.
Joseph BASSETT, Appellee.
No. 4D06-2950.
District Court of Appeal of Florida, Fourth District.
January 24, 2007.
*1196 Jack Reiter and Jay S. Blumenkopf of Adorno & Yoss, LLP., Miami, for appellant.
Devand A. Sukhdeo of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Miami, for appellee.
MAY, J.
The employer, E.I. DuPont de Nemours and Company, appeals a non-final order denying its motion for a temporary injunction to compel a former employee, Joseph Bassett, to comply with a non-compete agreement. The employer requests this court to reverse and remand the case for entry of a temporary injunction. We decline and affirm.
The standard of review of trial court orders on requests for temporary injunctions is a hybrid. Colucci v. Kar Kare Automotive Group, Inc., 918 So.2d 431, 436 (Fla. 4th DCA 2006). "To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." Id.
Here, the trial court stated:
I'm not satisfied with the quantum of proof at this hearing. I'm not satisfied that there has been a demonstration of a likelihood of irreparable harm and the unavailability of an adequate remedy at law.
I have a problem also that with respect to the elements that the threatened injury to the petitioner outweighs any possible harm to the respondent in this case. But it is real close. Real close.
I'm not convinced by your argument that the fact that non-compete agreement is not universally employed shows that this is less than proprietary or confidential information.
They may have some good sound business reasons that the employees that have been there for a long period of time have demonstrated their loyalty. And that might be a very good reason why the non-compete provision hasn't been required of them later on in their employment.
But I have someI'm just not convinced, and it is your burden to prove.
We cannot say that these factual findings were those no reasonable person would make. The trial court simply was not convinced by the evidence at the hearing on the motion for temporary injunctive relief and neither are we.
Affirmed.
POLEN and KLEIN, JJ., concur.