949 So.2d 1114 (2007)
Robert K. LEWIS, Appellant,
v.
SUNBELT RENTALS, INC., Appellee.
No. 2D06-4182.
District Court of Appeal of Florida, Second District.
February 16, 2007.
Eric P. Gifford of Gilligan, King, Gooding & Gifford, P.A., Ocala, for Appellant.
Patricia J. Hill and David B. Wilford of Smith, Gambrell & Russell, LLP, Jacksonville, for Appellee.
DAVIS, Judge.
Robert K. Lewis challenges the trial court's order granting Sunbelt Rentals, Inc., a temporary injunction without providing notice to Lewis. We reverse.
On August 14, 2006, Sunbelt filed a complaint seeking an injunction and damages based on Lewis' alleged violation of the noncompete and nondisclosure clauses of his employment agreement with Sunbelt. On the same day, Sunbelt also filed a motion for a temporary injunction and a request for an emergency evidentiary hearing. On August 17, 2006, the trial court issued an order granting Sunbelt's motion for a temporary injunction. No notice was provided to Lewis.
In its motion requesting a temporary injunction, Sunbelt cited section 542.335, Florida Statutes (2006), which provides for the enforcement of restrictive covenants, and Florida Rule of Civil Procedure 1.610, which sets forth the requirements for the issuance of temporary injunctions.
Rule 1.610(a)(1) specifies that a temporary injunction without notice may be granted only if (1) the affidavits or verified pleadings demonstrate that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should *1115 not be required." Moreover, rule 1.610(a)(2) provides that "[e]very temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall . . . define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given."
In the instant case, neither the motion requesting the temporary injunction nor the order granting same without notice to Lewis complied with rule 1.610. First, the motion did not request that the temporary injunction be granted without notice. Although it did allege immediate and irreparable harm, it did not specify that such harm would result to Sunbelt before Lewis could be heard. Second, Sunbelt's attorney did not certify in writing any efforts made to give notice or the reasons why notice should not be required. The motion simply made no mention of notice at all.
Similarly, the order granting the temporary injunction without notice failed to endorse the order with the hour of entry and failed to state why the order was granted without notice. The order merely stated that "[t]he threat of irreparable injury to Sunbelt's confidential information and to Sunbelt's relationships with its customers has occurred and will occur in the future in the absence of the entry of a temporary injunction." However, this does not explain the lack of notice; it explains why the court granted the temporary injunction. As in the motion requesting the temporary injunction, there was no mention of notice at all.
Where the party challenging the temporary injunction fails to first move to dissolve it below, as here, this court is limited in its review to consideration of the legal sufficiency of the order, the complaint, and any supporting documents; we may not address the merits of the issuance of the injunction. See Fla. High Sch. Activities Ass'n v. Marsonek, 805 So.2d 868, 869 (Fla. 2d DCA 2001). Where the complaint and order are insufficient under rule 1.610, this court will reverse. See Fla. High Sch. Activities Ass'n v. Benitez, 748 So.2d 358 (Fla. 5th DCA 1999).
Although Sunbelt argues that reversal is not required despite the deficiencies, we are not persuaded. In Pecora v. Pecora, 697 So.2d 1267 (Fla. 5th DCA 1997), cited by Sunbelt, the trial court failed to state in the order granting the temporary injunction the supporting facts and its finding as to why the order was granted without notice. However, the Fifth District found that those omissions were not prejudicial to the enjoined party because the motion there specifically requested a temporary injunction without notice and because the motion alleged facts demonstrating the peril in giving prior notice. The motion there also alleged that the trial court had "already heard exhaustive testimony" supporting the need for the temporary injunction. Id. at 1268. By contrast, the motion in the instant case did not mention notice at all, failed to allege facts demonstrating the peril in giving prior notice, and specifically requested an evidentiary hearing. Thus, the deficiencies in the trial court's order here cannot be deemed harmless, as they were in Pecora, based on the allegations contained in the motion.
In Santos v. Tampa Medical Supply, 857 So.2d 315 (Fla. 2d DCA 2003), also cited by Sunbelt, although this court found that the trial court's findings were insufficient under the rule, there was no notice problem. We remanded for entry of an order setting forth the necessary factual findings and setting a bond following an evidentiary hearing. Thus, neither Santos nor Pecora apply to the instant case.
*1116 Having concluded that the trial court's entry of the temporary injunction without notice failed to comply with the provisions of rule 1.610, we reverse the entry of the temporary injunction.
Reversed.
STRINGER and WALLACE, JJ., Concur.