995 So.2d 595 (2008)
Sheldon BEATTY and Patricia Beatty, Appellant,
v.
Kimberly A. AHER, f/k/a Kimberly A. McDonald, Appellee.
No. 5D08-2598.
District Court of Appeal of Florida, Fifth District.
November 14, 2008.
*596 Kyle P. Tate and David L. Redfearn, of The Tate Firm, PLLC, Keystone Heights, for Appellant.
Nancy C. Wear, Coral Gables, for Appellee.
MONACO, J.
The appellants, Sheldon Beatty and Patricia Beatty, seek relief from a temporary injunction entered below that enjoins them from directly or indirectly blocking a driveway connecting the property of the appellee, Kimberly Aher, to Bellamy Road. Any blockage would severely inhibit Ms. Aher's access to Bellamy Road. The injunction also prohibits the appellants from engaging in any conduct that would result in changing or altering the condition of that portion of their property that lies between Ms. Aher's driveway and Bellamy road. Mr. and Mrs. Beatty argue that the order granting the temporary injunction does not comply with rule 1.610, Florida Rules of Civil Procedure, and accordingly, should be reversed. We agree.
After the dispute concerning the driveway arose, the appellee sought to schedule an emergency hearing on her motion for temporary injunction. When she communicated through counsel with the attorney representing the appellants, she learned that he was not available for a hearing on the following Wednesday or Thursday, but would be available on Friday. As that extra day was apparently too much for the appellee, her attorney scheduled an emergency hearing before the trial court without notice to the other party. The trial court granted the injunction, and this appeal ensued.
We reverse the order granting the temporary injunction and remand for further proceedings because the order granting the injunction fails to comply with rule 1.610(a)(2), Florida Rules of Civil Procedure. That part of the rule provides in pertinent part:
Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and *597 shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given.
See also Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002); Florida Water Servs. Corp. v. Blue Stone Real Estate Const., 747 So.2d 406 (Fla. 5th DCA 1999). Here, the date and hour of entry of the injunction are not endorsed, the injury is not defined, the injunction contains no findings with respect to why the injury might be irreparable, and it fails to give reasons why the order was granted without notice.
In addition, rule 1.610(b) would, under the circumstances of the present case, specifically require the appellee to post a bond "conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." See Fla. High Sch. Activities Ass'n v. Mander, 932 So.2d 314, 315-316 (Fla. 2d DCA 2006); Hutchinson v. Kimzay of Fla., Inc., 637 So.2d 942, 945 (Fla. 5th DCA 1994). The injunction under review is in violation of this provision because it fails to require such a bond. We note, in addition, that the appellee's assertion that no bond is required because the injunction is issued "solely" to prevent physical injury or abuse is rejected. The injunction makes no such finding, and we strongly doubt that it would apply in this circumstance in any event.
REVERSED and REMANDED.
PALMER, C.J. and COHEN, J., concur.