995 So.2d 1116 (2008)
Rodger BOOKALL, Appellant,
v.
SUNBELT RENTALS, INC., Appellee.
No. 4D08-2630.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
Bernardo Burstein and Ian B. Miller of Burstein & Associates, P.A., Miami, for appellant.
Cathy M. Stutin and Steven A. Siegel of Fisher & Phillips LLP, Fort Lauderdale, for appellee.
MAY, J.
The necessary requirements for issuance of an ex parte temporary injunction are challenged in this appeal. A former employee appeals an interlocutory order granting an ex parte temporary injunction in favor of his former employer. He argues there was insufficient evidence to support the issuance of the injunction. He also argues the trial court erred in entering the injunction ex parte and without requiring the employer to post a bond. We agree with his argument concerning the failure to justify the need for an ex parte injunction and reverse.
The employer, a company that rents construction equipment, employed the former employee until February 7, 2008, pursuant to a written agreement containing a non-compete and non-solicitation provision. Shortly after the employee resigned, he began to work at a competing company. Upon discovering this, the employer sent the former employee a written letter advising him of the breach of the agreement. The former employee's counsel quickly responded in writing that the employee understood and would comply with his obligations under the agreement.
Upon learning that the former employee continued to work for the competitor, the employer filed a verified complaint with supporting affidavits and an ex parte emergency motion for temporary injunction and bond hearing. The motion sought an ex parte temporary injunction against the former employee and the competitor based on the non-compete and non-solicitation *1117 provisions of the written employment agreement.
The matter fell before a duty judge,[1] who entered the temporary injunction ex parte. The order indicated that a bond hearing was to be set on the unified motion calendar. At the hearing set on the duty judge's motion calendar, the former employee's counsel represented to the court that the former employee was no longer actively working for the competitor. Based on that representation, the duty judge determined that an emergency no longer existed and the bond hearing should be set before the assigned division judge. Although the employer's counsel advised the court that a bond is required before the injunction would be effective, the court refused to set a bond.
"The standard of review of trial court orders on requests for temporary injunctions is a hybrid." E.I. DuPont De Nemours & Co. v. Bassett, 947 So.2d 1195, 1196 (Fla. 4th DCA 2007). "To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." Id. (quoting Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431, 436 (Fla. 4th DCA 2006)). Since the injunction was issued ex parte and the enjoined party did not file a motion to dissolve, we will "review only the legal sufficiency of the order, the complaint, and any supporting documents." Thomas v. Osler Med., Inc., 963 So.2d 896, 900 (Fla. 5th DCA 2007).
Section 542.335, Florida Statutes (2004), directs courts to enforce valid non-competition agreements by any appropriate remedy, including a temporary injunction. § 542.335(1)(j), Fla. Stat. (2004). The Florida Rules of Civil Procedure provide the following:
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.
(2) ... Every temporary injunction granted without notice ... shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given.
Fla. R. Civ. P. 1.610(a) (2004).
The trial court correctly found the employer met its burden of establishing the elements for entry of an injunction. See, e.g., JonJuan Salon, Inc. v. Acosta, 922 So.2d 1081 (Fla. 4th DCA 2006); Pitney Bowes Inc. v. Acevedo, No. 08-21808, 2008 WL 2940667 (S.D.Fla. Jul. 28, 2008). However, the injunction suffered from a fatal defect: the injunction failed to "give the reasons why the order was granted without notice." See Fla. R. Civ. P. 1.610(a)(2).
Florida Rule of Civil Procedure 1.610 allows for the issuance of an ex parte temporary injunction without notice provided certain prerequisites are met. Although the court's order sets forth findings of irreparable harm, it fails to explicitly state reasons why the order was granted without notice. See Lewis v. Sunbelt *1118 Rentals, Inc., 949 So.2d 1114, 1115 (Fla. 2d DCA 2007). This omission renders the order invalid under the plain reading of rule 1.610(a)(2).
This deficiency could have been cured if the employer articulated in its complaint or motion reasons why notice should be dispensed with. See Soud v. Kendale, Inc., 788 So.2d 1051, 1053 (Fla. 1st DCA 2001). Unfortunately for the employer, neither the complaint nor the motion cured the deficiency in this case. See id.; see also Lewis, 949 So.2d at 1115. The trial court erred when it failed to articulate reasons why the injunction was issued without notice.[2]
Reversed and Remanded.
TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] The case was randomly assigned to Judge Barry E. Goldstein; but because Judge Goldstein had retired and his docket had not yet been reassigned, the matter was presented to the duty judge, Judge Leroy Moe.
[2] The employee also argues the duty judge erred in failing to set a bond at the hearing. We do not reach this issue since the injunction fails to comply with the requirements for issuance of an ex parte injunction.