*1113
 
 MAY, J.
 

 A doctor appeals a temporary injunction enforcing a non-compete provision of an employment contract with his former employer. He argues the trial court erred in entering the temporary injunction for several reasons. We disagree and affirm.
 

 The doctor entered into an employment agreement with his former employer, which contained non-compete and non-solicitation provisions. The parties agreed that the restrictive covenants were fair and reasonable, and reasonably related to protect the legitimate business interest of the employer. In the event of a breach of the restrictive covenants, the employer was entitled to obtain a temporary and permanent restraining order.
 

 The employer terminated the doctor on October 18, 2006. The doctor then filed an action for an accounting of the employer’s finances and contested his “for-cause” termination. The employer filed a counterclaim for damages and a motion for temporary injunction. The doctor’s defense to the injunction was that his employer first breached the agreement prior to his termination.
 

 The doctor filed a third request for production, which sought the production of documents generated by the employer for a time period after the doctor’s termination. The trial court sustained the employer’s relevancy objection to the third request for production based upon a provision in the employment agreement that was interpreted as a forfeiture of any compensation after the doctor’s termination. The trial court denied, without prejudice, a subsequent motion to reconsider its decision.
 

 The evidence at the evidentiary hearing on the temporary injunction established that the doctor had no professional relationships in the Broward medical marketplace when he began his employment and left with numerous patient contacts and a network of referring physicians. He admitted treating the employer’s former patients and using confidential proprietary information that he acquired from the former employer in his current practice.
 

 In defense, the doctor argued that the employer had first breached the employment agreement by: (1) requiring him to pay a “buy-in” not required by the agreement; (2) forcing him to contribute to litigation costs; (3) unilaterally suspending his revenue-sharing status; and (4) failing to pay him compensation due. The doctor argued then and now that he was unable to establish his defense because he was denied production of documents requested in the third request for production.
 

 The court granted the former employer’s motion for a temporary injunction and imposed a $150,000 bond to protect the doctor against a wrongfully issued injunction. The doctor now appeals the temporary injunction.
 

 Our review of temporary injunctions enlists two standards of review.
 
 DuPont De Nemours & Co. v. Bassett,
 
 947 So.2d 1195, 1196 (Fla. 4th DCA 2007). “To the extent the trial court’s order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to
 
 de novo
 
 review.”
 
 Id.
 
 (quoting
 
 Colucci v. Kar Kare Auto. Group, Inc.,
 
 918 So.2d 431, 436 (Fla. 4th DCA 2006)). Applying those standards of review, we find no error in the trial court’s entry of the temporary injunction.
 

 On the issue of the trial court’s ruling on the doctor’s third request for production, we note that this is a non-final appeal of a temporary injunction, which limits our review. Our jurisdiction in non-final appeals does not allow for review of
 
 *1114
 
 other non-final orders.
 
 See Cole v. Bayley Prods., Inc.,
 
 661 So.2d 1299, 1299 (Fla. 4th DCA 1995). The order sustaining the employer’s relevancy objection to the doctor’s third request for production and denying discovery is another non-final order that is reviewable only by a petition for writ of certiorari or an appeal from a final judgment.
 
 [1]
 
 For this reason, we cannot reach the discovery issue.
 

 Affirmed.
 

 STEVENSON and TAYLOR, JJ, concur.
 

 [1]
 

 . The doctor did not file a petition for writ of certiorari from the trial court's order denying discovery,