PER CURIAM.
Anthony P. LaRose and the University of Tampa appeal a nonfinal order granting A.K. temporary injunctive relief. We affirm.
A.K. filed a multiple-count complaint[1] asserting that Anthony P. LaRose (Profes *266 sor LaRose) and the University of Tampa (the University) had unfairly accused her and found her to have committed plagiarism. She alleged that the University had entered a grade of “F” for Professor La-Rose’s Criminology Class 321 based upon the plagiarism issues. Among other claims,[2] A.K. requested “a temporary injunction commanding [the University] to remove the Academic Integrity violation and the four (4) hour ‘F’ for Criminology Class 821 from [A.K.’s] student file to preserve the status quo, and issue a permanent injunction following rendition of final judgment for [A.K.] after trial on the merits.” After a hearing, the trial court entered its “order granting temporary in-junctive relief.” It is this order at issue in this appeal.
“A temporary injunction may be granted only if the movant establishes (1) a likelihood of irreparable harm; (2) unavailability of an adequate legal remedy; (3) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction.” Masters Freight, Inc. v. Servco, Inc., 915 So.2d 666, 666 (Fla. 2d DCA 2005). “The standard of review on appeal of an order concerning a temporary injunction is abuse of discretion.” Ware v. Polk County, 918 So.2d 977, 979 (Fla. 2d DCA 2005).
The trial court properly applied the four-prong test from Masters Freight and found that a temporary injunction was necessary. Substantial, competent evidence supports the trial court’s findings on each of those four prongs. The trial court’s ordered relief was temporary and entirely reversible if necessary at the end of the full trial. Consequently, we find no abuse of discretion in the trial court’s order and affirm.
Affirmed.
CASANUEVA, C.J., and ALTENBERND and DAVIS, JJ., Concur.
CASANUEVA, C.J., Concurs specially.

. "Plaintiff's Fourth Amended Complaint” is the operative complaint filed below.

. A.K. sought damages for libel, slander, breach of express and implied contract, negligent supervision, and negligent hiring, as well as permanent injunctive relief.