LAGOA, J.
 

 Murray Bieda, the former husband, appeals from orders granting Mimi Bieda’s, the former wife, verified
 
 ex parte
 
 emergency motions for temporary injunctions and a final judgment for support arrearag-es, reimbursement and attorney’s fees. We reverse.
 

 The 1994 judgment dissolving the parties’ marriage required the former husband to pay monthly alimony and child support payments totaling $1613. Pursuant to an Agreed Income Deduction Order, the support payments were required to be remitted to the court’s Central Depository. Although the former husband has paid a portion of the support obligations, the depository clerk’s affidavit established that, as of October 2009, the former husband was delinquent in the amount of $282,213.12.
 
 [1]
 

 The former wife instituted the proceedings below in order to collect the support arrearage upon learning that the former
 
 *861
 
 husband had a $203,882.56 certificate of deposit at SunTrust Bank.
 

 On October 9, 2009, the trial court granted the former wife’s verified motion for an
 
 ex parte
 
 emergency temporary injunction in which she asserted that she had recently learned that the former husband had the subject funds and that he has been concealing his assets for the past fifteen years. The court issued a temporary injunction freezing the account and requiring the former wife to post a $1000 injunction bond. The injunction was entered without notice to the former husband.
 

 Because the former husband had moved the funds to JP Morgan Chase Bank before issuance of the injunction, the former wife filed a supplemental verified motion for an
 
 ex parte
 
 emergency injunction freezing the former husband’s funds at Chase Bank. On October 14, the trial court granted the motion and issued a temporary injunction freezing the funds on deposit at Chase Bank, without notice to the former husband. On that date, the trial court granted the former wife’s verified motion for entry of a final judgment for the amount of the arrearage, reimbursement and attorney’s fees totaling $337,654.76. The former husband was not notified prior to entry of the judgment. The former husband then appealed the temporary injunctions and the final judgment.
 

 As to the October 14 temporary injunction, the former husband contends that the motions and orders are legally insufficient and that the bond amount is inadequate.
 
 [2]
 
 Because the orders were entered
 
 ex parte
 
 and the former husband did not move to dissolve the injunctions, our review is limited to “the legal sufficiency of the order, the complaint, and any supporting documents; we may not address the merits of the issuance of the injunction.”
 
 Lewis v. Sunbelt Rentals,
 
 949 So.2d 1114, 1115 (Fla. 2d DCA 2007);
 
 see also Hotel-Motel, Rest. Employees & Bartenders Union, Local 339 v. Black Angus of Lauderhill, Inc.,
 
 290 So.2d 479, 482 (Fla.1974);
 
 Thomas v. Osler Med., Inc.,
 
 963 So.2d 896, 900 (Fla. 5th DCA 2007). We apply a
 
 de novo
 
 standard of review to the trial court’s legal conclusions.
 
 See Salamon v. Anesthesia Pain Care Consultants, Inc.,
 
 10 So.3d 1112, 1113 (Fla. 4th DCA 2009);
 
 Bookall v. Sunbelt Rentals, Inc.,
 
 995 So.2d 1116, 1117 (Fla. 4th DCA 2008);
 
 Nelson Tree Serv., Inc. v. Gray,
 
 978 So.2d 198, 200 (Fla. 1st DCA 2008).
 

 Applying that standard, we reject, without further discussion, the former husband’s arguments that the motions fail to comply with Florida Rule of Civil Procedure 1.610(a)(1).
 
 See Bansal v. Bansal,
 
 748 So.2d 335, 337 (Fla. 5th DCA 1999);
 
 Pecora v. Pecora,
 
 697 So.2d 1267, 1269 (Fla. 5th DCA 1997). However, we agree that the injunction does not follow the dictates of Florida Rule of Civil Procedure 1.610(a)(2).
 

 Rule 1.610(a)(2) mandates that “[ejvery temporary injunction granted without notice ... shall define the injury, state findings by the trial court why the injury may be irreparable, and give reasons why the order was granted without notice.... ” A temporary injunction without notice is an extraordinary remedy and the order must strictly comply with Rule 1.610.
 
 See Levy v. Gourmet Masters, Inc.,
 
 214 So.2d 82, 85 (Fla. 3d DCA 1968);
 
 Fla. High Sch. Activities Ass’n v. Benitez,
 
 748 So.2d 358, 359 (Fla. 5th DCA 1999);
 
 Smith
 
 
 *862
 

 v. Knight,
 
 679 So.2d 359, 361-62 (Fla. 4th DCA 1996).
 

 Here, the order does not include the requisite findings.
 
 [3]
 
 It does not define the injury, state why such injury is irreparable or provide reasons why the order was granted without notice to the former husband. The order merely grants the former wife’s motion, describes the acts to be enjoined and provides for a bond. We find no merit in the former wife’s contention that a combined reading of the motions and order remedies all of the order’s deficiencies.
 
 See Bookall,
 
 995 So.2d at 1118. The order is, therefore, legally insufficient.
 
 See Hunter v. Hunter,
 
 36 So.3d 148 (Fla. 2d DCA 2010);
 
 Beatty v. Aher,
 
 995 So.2d 595 (Fla. 5th DCA 2008);
 
 Smith v. Crider,
 
 932 So.2d 393 (Fla. 2d DCA 2006);
 
 Jones v. Jones,
 
 761 So.2d 478, 480 (Fla. 5th DCA 2000);
 
 Soffer v. Leopold,
 
 531 So.2d 201 (Fla. 3d DCA 1988). Accordingly, we reverse the October 14 injunction and remand for the trial court to make the requisite findings.
 

 As to the bond, we note that there is no record basis before the trial court to support the amount of the bond.
 
 See Braswell v. Braswell,
 
 881 So.2d 1193, 1202 (Fla. 3d DCA 2004);
 
 AOT, Inc. v. Hampshire Mgmt. Co.,
 
 653 So.2d 476, 478-79 (Fla. 3d DCA 1995). “The purpose of an injunction bond is to provide sufficient funds to cover the adverse party’s costs and damages in the event the injunction is later determined to have been improvidently entered.”
 
 Braswell,
 
 881 So.2d at 1202. Therefore, on remand, the trial court must revisit this issue after providing the parties an opportunity to present evidence.
 
 See Sys. One Information Mgmt., L.L.C. v. Incentive Connection,
 
 693 So.2d 1092, 1093 n. 1 (Fla. 3d DCA 1997).
 

 Finally, the former husband correctly contends that the trial court erred in entering a final judgment without providing him notice and a time for response. Although section 61.14(6)(a)(l), Florida Statutes (2009), provides for a summary procedure in which delinquent support payments to the Central Depository may be treated as a final judgment by operation of law,
 
 see Vitt v. Rodriguez,
 
 960 So.2d 47, 48 (Fla. 5th DCA 2007);
 
 Kranz v. Kranz,
 
 661 So.2d 876, 878 n. 1 (Fla. 3d DCA 1995), the statute requires that notice and a time for response be provided to the obligor. The former wife concedes that such notice was not given to the former husband and that the judgment must be reversed. Accordingly, we reverse the final judgment and remand for further proceedings.
 

 Reversed and remanded.
 

 [1]
 

 . The former husband supplemented the record with a March 11, 2010 arrearage affidavit stating that the arrearage amount is $287,903.67.
 

 [2]
 

 . We only address the October 14 temporary injunction. The October 9 injunction was, in effect, modified when the trial court issued the subsequent injunction. In any event, the October 9 injunction suffers from the same infirmities as the October 14 injunction.
 

 [3]
 

 . The order does not state whether it was entered pursuant to section 61.11(1), Florida Statutes (2009), which provides for injunctions to secure support awards.