MORRIS, Judge.
Célico Partnership, d/b/a Verizon Wireless and Alltel Corporation, appeals a nonfinal order denying its motion for temporary injunction. Célico sought the injunction against Michael Jason Kimbler, a former Alltel employee who, shortly after Célico d/b/a Verizon acquired Alltel through a merger transaction, left to work for Sprint/Nextel.[1] Célico alleged that Kimbler sent a list of sixty current Alltel customers to his new supervisor at *916 Sprint. Célico claimed that the list qualified as a trade secret and that Kimbler violated a confidentiality agreement, thereby necessitating the injunction. We affirm the denial of the temporary injunction, but we write solely to address the issue of enforcement of the nondisclosure and nonsolicitation agreement that Kim-bler had with Alltel (the Ailtel-Kimbler agreement).
I. Background
Kimbler began his employment with Alltel in March 2002, and shortly thereafter, he signed the Ailtel-Kimbler agreement. The parties to that agreement were listed as Kimbler and “Alltel or any of its affiliated companies.” At the time the agreement was signed, Célico and Alltel were competitors, not affiliated companies. The Ailtel-Kimbler agreement does not contain an assignment clause permitting Alltel to assign the rights under the contract to any other entity. Nor does the agreement identify Célico as a third-party beneficiary to the contract. It is undisputed that Kimbler never signed a restrictive covenant with Célico. Kimbler worked for Alltel until February 2009 when he became employed by Verizon as a result of the merger. Then, in July 2009, Kimbler went to work for Sprint/Nextel, a competitor of Verizon.
During Kimbler’s employment with Alltel in June 2008, Célico, AirTouch, and nonparty Abraham Merger Corporation entered into an agreement and plan of merger (reverse merger plan) with Alltel and its parent corporation, Atlantis Holding Co. The reverse merger plan went into effect on January 9, 2009, resulting in Abraham’s ceasing to exist and Alltel’s emerging as the surviving corporation. At that time, Alltel assigned its Florida customer contracts to Célico.
Shortly after Kimbler left to work for Sprint, Célico brought suit against him seeking a temporary injunction based on his alleged misuse of the customer information and breach of his duty of loyalty. Célico was successful in obtaining an ex parte temporary injunction. However, after Kimbler sought to dissolve the injunction and after Sprint intervened and joined in the dissolution request, the trial court dissolved the temporary injunction holding that the complaint was insufficiently verified. The trial court then set a further evidentiary hearing to determine whether the injunction should be reinstated.
In the interim, Célico filed a second amended complaint adding Kimbler’s supervisor at Sprint as a defendant, adding Alltel as a party plaintiff, and adding a count for breach of the Ailtel-Kimbler agreement. In March 2010, the evidentia-ry hearing was conducted. The trial court ultimately denied Cellco’s request for in-junctive relief. In doing so, the trial court determined in part that Célico could not enforce the Ailtel-Kimbler agreement because the rights within it were still held by Alltel and had not been assigned to Célico. The court also ruled that Alltel was no longer engaged in the retail cell phone aspect of the business and no longer had any customer accounts or agreements in Florida. There is competent, substantial evidence to support these findings, and we agree with the trial court.
II. Analysis
We review an order denying a request for a temporary injunction for abuse of discretion. See LaRose v. A.K., 37 So.3d 265, 266 (Fla. 2d DCA 2009) (citing Ware v. Polk Cnty., 918 So.2d 977, 979 (Fla. 2d DCA 2005)).
In order to prove its entitlement to a temporary injunction, Célico was required to prove “ ‘(1) a likelihood of irrep *917 arable harm; (2) unavailability of an adequate legal remedy; (B) a substantial likelihood of succeeding on the merits; and (4) considerations of the public interest support the entry of the injunction.’ ” LaRose, 37 So.3d at 266 (quoting Masters Freight, Inc. v. Servco, Inc., 915 So.2d 666, 666 (Fla. 2d DCA 2005)).
Here, Célico argues that it is entitled to a temporary injunction based on an enforceable restrictive covenant, to wit: a nondisclosure and nonsolicitation agreement. “An enforceable restrictive covenant is one in which ‘the contractually specified restraint is reasonably necessary to protect [a] legitimate business interest.’ ” Walsh v. PAW Trucking, Inc., 942 So.2d 446, 448 (Fla. 2d DCA 2006) (alteration in original) (quoting § 542.335(1)(c), Fla. Stat. (2003)). Therefore, to satisfy the irreparable harm requirement based on an alleged breach of a restrictive covenant, the party seeking a temporary injunction must show “that the covenant protects a legitimate business interest as defined by section 542.335(1)(b) and that the covenant was violated.” Id. But it is a defense to such an action “that the person seeking enforcement no longer continues in business in the area .... ” § 542.335(l)(g)(2), Fla. Stat. (2008-2009). Indeed, in Wolf v. James G. Barrie, P.A., 858 So.2d 1083, 1085 (Fla. 2d DCA 2003), we held that “[i]f the employer is not in a like business, it has no legitimate interest in protecting against competition in that business.”
In this case, the record supports the trial court’s finding that Alltel is “no longer engaged in the retail cell phone side of the business” in Florida and that Alltel no longer has any customer accounts or agreements because it assigned those accounts and agreements to Célico after the reverse merger occurred. Consequently, Alltel has no legitimate business interest in enforcing the Alltel-Kimbler agreement.
Célico contends that it may enforce the agreement because it is a postmerger affiliate of Alltel and that the Alltel-Kimbler agreement defines employer as “Alltel and Alltel’s affiliates.” However, the Alltel-Kimbler agreement fails to expressly identify Célico as an affiliate and fails to extend the agreement’s application to future unknown affiliated companies. Célico and Alltel were not affiliates when the agreement was entered into in 2002; rather, they were competitors and remained so until 2009. The parties’ intentions at the time of executing the contract are what control their agreement as to the definition of affiliates. See James v. Gulf Life Ins. Co., 66 So.2d 62, 63 (Fla.1953); Sheldon v. Tiernan, 147 So.2d 167, 169 (Fla. 2d DCA 1962). Because the agreement fails to reference Célico as either a known affiliate or unknown future affiliate, we refuse to extend the term affiliate to encompass Célico in this case.
We acknowledge that section 542.335(l)(f) provides for limited circumstances in which a nonparty to a restrictive covenant may seek to enforce it. Specifically, the statute provides that a court may not refuse to enforce a restrictive covenant on the basis that the person seeking enforcement is a third-party beneficiary of the contract or an assignee or successor to a party in such a contract. § 542.335(l)(f)(l) & (2). But those exceptions only apply where the third-party beneficiary, assignee, or successor is expressly named and authorized to enforce the covenant. See id.; Tusa v. Roffe, 791 So.2d 512, 514 (Fla. 4th DCA 2001) (denying enforcement where agreement did not identify Tulsa as a third-party beneficiary or indicate that the agreement was intended for Tulsa’s benefit). And here, the undisputed evidence was that Alltel and Célico did not merge and that Alltel did not assign the restrictive covenant rights to Célico. As a result, Célico cannot enforce the Alltel-Kimbler agreement be *918 cause it is not a party to the agreement nor is it a third-party beneficiary, assign-ee, or successor in interest. Further, Céli-co and Alltel are separate legal entities, and as such, Célico — the parent corporation — cannot “exercise the rights of its subsidiary.” Am. Int’l Group Inc. v. Cornerstone Buss., Inc., 872 So.2d 333, 336 (Fla. 2d DCA 2004) (citing Unijax, Inc. v. Factory Ins. Ass’n., 328 So.2d 448, 453-54 (Fla. 1st DCA 1976)).
III. Conclusion
We hold that based on Alltel and Cell-co’s relative positions — -with Alltel’s no longer participating in the retail cell phone business in Florida and with Cellco’s not being a party, third-party beneficiary, as-signee, or successor in interest to the Alltel-Kimbler agreement — neither Alltel nor Célico could enforce the terms of the Alltel-Kimbler agreement.[2] We therefore affirm the denial of the motion for temporary injunction.
WHATLEY and SILBERMAN, JJ., Concur.

. Célico owns AirTouch Cellular, a nonparty to this action. In turn, AirTouch is the 100% owner of Alltel. But Célico and Alltel remain separate legal entities.

. Our resolution of the case on this ground dispenses with the need to address whether the customer list qualified as a trade secret.