Per Curiam.
The husband in a pending dissolution action appeals an order granting an ex parte temporary injunction prohibiting him from conducting specified financial transactions without a court order or consent from his wife. The husband contends that the wife’s motion seeking the injunction did not show immediate and irreparable injury, that the trial court’s factual findings were inadequate, and that the trial court erred in failing to set a bond. We affirm in part but reverse to the extent that the injunction fails to set a bond.
Because the injunction in this case “was issued ex parte and the enjoined party did not file a motion to dissolve,” this court “review[s] only the legal sufficiency of the order, the complaint, and any supporting documents.” Bookall v. Sunbelt Rentals, Inc., 995 So.2d 1116, 1117 (Fla. 4th DCA 2008) (quoting Thomas v. Osler Med., Inc., 963 So.2d 896, 900 (Fla. 5th DCA 2007)). As explained below, we reject the husband’s arguments challenging the entry of the injunction because the wife’s motion and the trial court’s order were legally sufficient.
In her verified motion, the wife stated the following: the couple owned property in Florida, Curacao, Panama, and Venezuela; the husband previously had dissipated marital assets in Venezuela and used marital funds to acquire assets that were titled solely in his name; and the husband maintained extensive connections overseas given that he was a Venezuelan citizen. Furthermore, the wife explained that, if her husband had notice of her application for an injunction, she feared he would conceal assets and dissipate additional assets subject to equitable distribution.
On these facts, the trial court did not abuse its discretion in finding that the wife was entitled to an ex parte temporary injunction. See Fla. R. Civ. P. 1.610(a)(1); Gooding v. Gooding, 602 So.2d 615, 616 (Fla. 4th DCA 1992) (recognizing- that injunctions may be used in marital dissolution cases “to prevent the dissipation of property which is or may later be determined to be marital property”); see also Sandstrom v. Sandstrom, 565 So.2d 914, 914 (Fla. 4th DCA 1990) (holding that a court may enter such an injunction “whether a spouse is attempting to dissipate marital assets before or after the final dissolution judgment”).
Here, the trial court made findings that the wife was at risk of “immediate and irreparable injury,” that she would have no adequate remedy at law should the husband dissipate assets in which she was entitled to an equitable share, and that the wife had provided grounds for granting the injunction without notice. Cf. Bieda v. Bieda, 42 So.3d 859, 862 (Fla. 3d DCA 2010) (reversing ex parte injunction where injunction did not “define the injury, state why such injury is irreparable or provide reasons why the order was granted without notice”). Thus, the trial court’s order is legally sufficient. See Fla. R. Civ, P. 1.610(a)(2), (c).
However, with respect to the trial court’s failure to set a bond, the wife appropriately concedes error. See Fla. R. Civ. P. 1.610(b) (“No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper .... ”), Therefore, we affirm the portion of the order granting injunctive *1204 relief but reverse and remand “for the trial court to impose a bond in accordance with [rule] 1.610(b).” Fla. High Sch. Athletic Ass’n v. Rosenberg ex rel. Rosenberg, 117 So.3d 825, 827 (Fla. 4th DCA 2013) (citing Forrest v. Citi Residential Lending, Inc., 73 So.3d 269, 280 (Fla. 2d DCA 2011)).

Affirmed in part, Reversed in part, and Remanded.

Ciklin, C.J., Klingensmith and Kuntz, JJ., concur.