DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALICIA L. MALDONADO**,
Appellant,

v.

**ANGELA BUCHSBAUM,** proposed Personal Representative
of the Estate of **JOHN STEPHEN BUCHSBAUM,**
Appellee.

No. 4D18-1974

[November 21, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case No. PRC-18-0002656.

Steven B. Dolchin of Steven B. Dolchin, P.A., Hollywood, for appellant.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, and Allan Samuels of Law Offices of Allan Samuels & Associates, P.A., Boca Raton, for appellee.

CONNER, J.

Alicia L. Maldonado appeals a temporary injunction issued without notice in favor of the Estate of John Stephen Buchsbaum ("the Estate"). We affirm the injunctive relief granted, but determine the temporary injunction fails to comply with the requirement to endorse the date and hour of entry and to require a bond. We remand the case for the trial court to correct the deficiencies.

*Background*

Angela Buchsbaum, the personal representative of the Estate, was married to the decedent for over thirty years before his death. Prior to death, the decedent's mental capacity deteriorated to the point that home health aides were used to care for him. Maldonado became a full-time weekday aide caring for the decedent. In the year before he died, the decedent was hospitalized with extreme mental delusions, such as

believing his wife wanted to kill him. The delusions continued after the decedent was discharged from the hospital.

Maldonado allegedly began fostering a relationship with the decedent and began alienating him from his wife. It is also alleged that Maldonado exerted undue influence over the decedent and succeeded in obtaining a power of attorney from him. By exerting undue influence, Maldonado allegedly persuaded the decedent to transfer various assets to her and change the beneficiary of various Estate assets. The decedent died unexpectedly.

After the decedent's death, his wife, as the personal representative of his Estate, filed a petition for a temporary injunction without notice. The petition sought to restrain Maldonado from taking possession of any Estate assets, destroying any financial documents of the Estate, and representing to others that she was the sole beneficiary of the Estate or a representative of the decedent. The petition also sought to freeze assets held in the decedent's name at various financial institutions. The petition alleged that Maldonado had already transferred considerable assets owned by the decedent to herself and that notice of the proceedings prior to issuance of the injunction would afford her the opportunity to transfer various assets to her relatives living out of the country. The trial court reviewed the petition, found it to be legally sufficient, and issued the temporary injunction without notice. Maldonado gave notice of appeal.

*Appellate Analysis*

"The standard of review of trial court orders on requests for temporary injunctions is a hybrid." *E.I. DuPont De Nemours & Co. v. Bassett*, 947 So. 2d 1195, 1196 (Fla. 4th DCA 2007). "To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." *Id.* (quoting *Colucci v. Kar Kare Auto. Grp., Inc.*, 918 So. 2d 431, 436 (Fla. 4th DCA 2006)).

"[A] party seeking a temporary injunction must establish that (1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest." *University Medical Clinics, Inc. v. Quality Health Plans, Inc.,* 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011).

Maldonado did not file a motion to dissolve the injunction in the court below. "Since the injunction was issued ex parte and the enjoined party

did not file a motion to dissolve, we will 'review only the legal sufficiency of the order, the complaint, and any supporting documents.'" *Bookall v. Sunbelt Rentals, Inc.*, 995 So. 2d 1116, 1117 (Fla. 4th DCA 2008) (quoting *Thomas v. Osler Med., Inc.*, 963 So. 2d 896, 900 (Fla. 5th DCA 2007)).

Maldonado argues that the temporary injunction is improper under the law because the trial court: (1) failed to make specific findings of fact to show all four requirements were met to enter a temporary injunction; (2) failed to provide explicit reasons why the injunction was granted without giving notice; (3) failed to endorse the date and hour the injunction was entered and require a bond; and (4) imposed prior restraint in violation of her First Amendment rights. Upon reviewing the record, we determine the temporary injunction contains sufficient findings to show all four requirements established by the case law to justify entry of a temporary injunction were met and a sufficient explanation of why the injunction was granted without notice. We reject Maldonado's argument that the temporary injunction improperly imposed prior restraint because the two paragraphs addressing the issue were conclusory arguments and the issue was not preserved by a motion to dissolve the injunction. However, we find merit as to Maldonado's argument that the trial court failed to endorse the date and hour of entry and to require a bond.

"A temporary injunction without notice is an extraordinary remedy and *the order must strictly comply with Rule 1.610.*" *Bieda v. Bieda*, 42 So. 3d 859, 861 (Fla. 3d DCA 2010) (emphasis added); *see also Smith v. Knight*, 679 So. 2d 359, 361-62 (Fla. 4th DCA 1996).

Florida Rule of Civil Procedure 1.610(a)(2) requires that: "Every temporary injunction granted without notice shall be endorsed with the date and hour of entry . . . ." Additionally, Rule 1.610(b) requires that: "No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." The temporary injunction issued below is not endorsed with the date and hour of entry and does not require a bond. Those omissions render the injunction defective. *Bieda*, 42 So. 3d at 861 (requiring strict compliance with Rule 1.610 to uphold a temporary injunction without notice); *Lewis v. Sunbelt Rentals, Inc.*, 949 So. 2d 1114, 1115 (Fla. 2d DCA 2007) ("Where the complaint and order are insufficient under rule 1.610, this court will reverse."); *Bellach v. Huggs of Naples, Inc.*, 704 So. 2d 679, 680 (Fla. 2d DCA 1997) ("The injunction is defective because Florida Rule of Civil Procedure 1.610(b) requires the movant to post a bond."); *see also Fla. High Sch. Athletic Ass'n v. Rosenberg ex rel.*

3

*Rosenberg*, 117 So. 3d 825, 827 (Fla. 4th DCA 2013) ("We do find error, however, in the trial court's failure to set a bond.").

We affirm the portions of the temporary injunction granting injunctive relief, but reverse and remand for the trial court to endorse with the date and hour of entry and to impose a bond in accordance with rule 1.610(a)(2) and (b). *Lerner v. Dum*, 220 So. 3d 1202, 1203 (Fla. 4th DCA 2017).

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN and FORST, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***