685 So.2d 959 (1996)
Donna KEPHART, Appellant,
v.
HAIR RETURNS, INC. and Bruno Dominijanni, Appellees.
No. 96-2376.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
Rehearing Denied January 29, 1997.
Steven Warm, Boca Raton, for appellant.
Michael R. Bass of Michael R. Bass, P.A., Fort Lauderdale, for Appellee-Hair Returns, Inc.
SHAHOOD, Judge.
Appellant Donna Kephart seeks review from a trial court's order granting injunctive relief after finding valid a noncompete clause in an employment contract. We reverse and remand to the trial court with directions to dissolve the temporary injunction based on the following.
Appellant was employed by appellee Hair Returns, Inc. ("Hair Returns") as a hair replacement technician from April of 1992 until April of 1996, when she was terminated by appellee. Shortly after being terminated, appellant rented space from Bruno Dominijanni, a named defendant below, and continued working as a hair replacement technician. Approximately eighteen to twenty-two of appellant's customers from Hair Returns sought her out, and she began servicing them at her new location. Hair Returns filed suit against appellant alleging that she breached the terms of her employment agreement which contained the following language:
8. NON-COMPETITION. In the event that the services which the employee agrees to perform for HAIR RETURNS, INC. are terminated with or without cause by either of the parties hereto, he/she will not, for a period of one (1) year after the end or termination of his/her employment, directly or indirectly, either as principal, agent, Employee, Employer, ... or in any other individual or representative capacity whatsoever, solicit, serve or cater to any *960 of the customers of HAIR RETURNS, INC. or HAIR CLUB FOR MEN, LTD., or engage or assist any other person, firm or corporation to solicit, serve or cater any of the customers served by HAIR RETURNS, INC. or HAIR CLUB FOR MEN, LTD.
Although no testimony was presented below, evidence in the form of depositions and affidavits was submitted to the trial court at the injunction hearing. In her affidavit, appellant admitted that she was servicing those customers of Hair Returns who had sought her out. She denied using customer lists to actively solicit customers or utilizing any of Hair Returns' trade secrets. Appellant stated that she did not refuse to service those customers who found her at the new location because she thought they had a right to choose their own hair replacement technician. In its affidavit, Hair Returns stated that it was of the belief that appellant had contacted the customers in question, but acknowledged that appellant had not taken any of the written customer information documents.
Section 542.33, Florida Statutes (1995), provides in pertinent part as follows:
(1) Notwithstanding other provisions of this chapter to the contrary, each contract by which any person is restrained from exercising a lawful profession, trade, or business of any kind, as provided by subsections (2) and (3) hereof, is to that extent valid, and all other contracts in restraint of trade are void.
(2)(a) One who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent, independent contractor, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer, continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction. However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined. In the event the seller of the goodwill of a business, or a shareholder selling or otherwise disposing of all his shares in a corporation breaches an agreement to refrain from carrying on or engaging in a similar business, irreparable injury shall be presumed....
In this case the issue is whether the statute authorizes a contract provision restricting an employee's ability to provide services to a past employer's clients when those clients have sought out and found the employee as opposed to the employee soliciting the customers. There is authority for the proposition that competition may not be eliminated per se absent a legitimate business interest. See Hapney v. Central Garage, Inc., 579 So.2d 127, 132 (Fla. 2d DCA), rev. denied, 591 So.2d 180 (Fla.1991), disapproved on other grounds, Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla. 1995). A strict reading of the applicable statute requires the trial court to deny appellee's request for injunctive relief. The statute validates only contractual restrictions on soliciting an employer's old customers. There is no prohibition against servicing those customers who voluntarily follow an employee to her new place of employment. Here, the trial court made no finding that appellant used Hair Returns' trade secrets, customer lists, or direct solicitation. Hence, there was no irreparable harm. Based on the evidence, or lack thereof presented to the trial court by Hair Returns in this regard, granting injunctive relief without any proof of irreparable harm was error.
Further, we find Kupscznk v. Blasters, Inc., 647 So.2d 888 (Fla. 2d. DCA 1994), rev. denied, 658 So.2d 991 (Fla.1995), the case upon which the trial court relied in granting injunctive relief, to be distinguishable from the case at bar. In Kupscznk it was noted *961 that appellant's behavior following his resignation, and to some degree immediately prior to his termination, violated the noncompete agreement in that he formed a water blasting business and solicited or accepted business from Blasters' customers, including the United States Navy and Gaffin Environmental. The issue in that case focused on the trial court's rejection of the employer's defense that the noncompete agreement was unenforceable because of the employer's prior breach of the employment contract. 647 So.2d at 890. Moreover, that case dealt with a trade secret, "or, at a minimum, confidential business information, and its misappropriation by Kupscznk [which] caused Blasters irreparable harm." Id.
Based on the foregoing, we reverse and remand with directions to the trial court to dissolve the temporary injunction.
Reversed and remanded.
STEVENSON, J., concurs.
WARNER, J., concurs in conclusion only.