736 So.2d 43 (1999)
J.K.R., INC., and James K. Reese, individually,
v.
TRIPLE CHECK TAX SERVICE, INC., a Florida Corporation, Appellee.
No. 98-4579.
District Court of Appeal of Florida, First District.
May 27, 1999.
Rehearing Denied July 2, 1999.
Michael J. Dewberry and Donald E. Tesiero II of Hendrick, Dewberry & Regan, P.A., Jacksonville, for Appellants.
Myra Loughran, Jacksonville Beach, for Appellee.
ERVIN, J.
Appellants, J.K.R., Inc., and James K. Reese, appeal a temporary injunction prohibiting them from soliciting or servicing any clients of appellee, Triple Check Tax Service, Inc. We reverse in part, because the trial court exceeded the terms of the parties' non-solicitation agreement when it barred appellants from accepting work from former clients who approached them. We affirm appellants' other points without discussion.
Triple Check provides tax-return preparation, financial, accounting, bookkeeping, insurance and incorporation services. J.K.R. and Reese entered into an agreement to work exclusively for Triple Check and therein agreed that for two years after termination of their relationship, appellants would not "call upon, solicit, divert or take away," or attempt to solicit any Triple Check clients. The trial court found that Reese provided services to certain Triple Check clients and personally invoiced them while he was still an associate of Triple Check and, after terminating the employment relationship, Reese began soliciting Triple Check clients. Finding that such actions violated the parties' agreement, the court entered an injunction for two years, stating first that appellants could compete with Triple Check, "but are prohibited *44 from doing business with" Triple Check clients, and then ordered that appellants "be enjoined from contacting Triple Check's clients." The former statement exceeded the scope of the agreement.
The words "call upon, solicit, divert or take away" in the parties' agreement forbid appellants from taking proactive steps to obtain Triple Check clients, but do not disallow them from accepting former clients who actively seek their assistance. See, e.g., Kephart v. Hair Returns, Inc., 685 So.2d 959 (Fla. 4th DCA 1996) (under section 542.33, Florida Statutes (1995), which permitted contracts in restraint of trade only to the extent that they prohibited solicitation of old customers of the employer, hair-replacement technician could be enjoined from soliciting former customers, but not from servicing customers who voluntarily followed her to her new place of employment); King v. Jessup, 698 So.2d 339 (Fla. 5th DCA 1997) (physician could be barred from soliciting former patients, but not from treating those who voluntarily contacted him at his new practice).
We affirm that part of the temporary injunction prohibiting appellants from contacting former clients, but reverse that portion forbidding them from "doing business with" former clients. On remand, the lower court shall modify the injunction to enjoin appellants from serving any Triple Check clients whom Reese had personally invoiced before his termination, and any Triple Check clients who scheduled an appointment with either appellant before termination, because such clients are deemed to have been obtained as a result of action designed to divert or take away Triple Check clients.
AFFIRMED IN PART, REVERSED IN PART and REMANDED with directions.
VAN NORTWICK and BROWNING, JJ., CONCUR.