PER CURIAM.
Harden & Associates, Inc., a Jacksonville insurance agency and consulting firm, appeals a final judgment ruling that appel-lee, Michael E. Hall, a former employee of Harden, had not breached the anti-solicitation provisions of his employment agreement with Harden. Because competent substantial evidence supports the trial court’s findings, we affirm.
Harden sought an injunction and damages against Hall after he left Harden’s employment to work for a competitor, Cecil W. Powell & Company, and at least one substantial client of Harden then moved its insurance accounts to Powell. Under the contractual provisions which are the subject of this action, Hall agreed that he (a) would “not solicit, contact or entice a client of [Harden] to (i) terminate its use of [Harden’s] services ... and/or (ii) make use of services” of a competitor and (b), with respect to Harden’s clients with whom Hall “has participated ... within 12 months of termination of employment [with Harden] in discussions or negotiations ... regarding services,” would “not ... do any act that will cause the client to make use of services of’ a competitor.[1] Harden argued below and argues on appeal that the prohibition of “any act” should be read to proscribe Hall’s performance of any work at Powell for clients with whom Hall worked at Harden and who voluntarily and without Hall’s solicitation moved insurance business to Powell. The trial court rejected Harden’s reading of the agreement and interpreted the provisions as prohibiting Hall only from taking proactive steps on behalf of Powell to obtain Harden clients. See J.K.R., Inc. v. Triple Check Tax Service, Inc., 736 So.2d 43, 44 (Fla. 1st DCA 1999).
After trial, in a detailed and well-reasoned order, the trial court denied Harden relief, finding that “[Hall] did not solicit any business of [Harden’s] former clients and did no act which caused former clients to leave [Harden].” The facts below are in conflict and the evidence before the trial court could have been the subject of varying inferences. Nevertheless, as the Florida Supreme Court has explained
[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test ... is whether the judgment of the trial court is supported by competent evidence.
Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976). We agree with the trial court’s interpretation of the contractual provisions and find that the record here contains competent, substantial evidence supporting the trial court’s findings. Accordingly, we AFFIRM.
ERVIN, VAN NORTWICK AND BROWNING, JJ., CONCUR.

. In their entirely, paragraphs 9(b) and (c) of the subject employment agreement provide, as follows:
(b) While employed by Employer and for the three year period following termination of Employee’s employment hereunder, Employee agrees that he will not solicit, contact, or entice a client of Employer to (i) terminate its use of Employer’s services and/or products, and/or (ii) make use of services of an existing or forming company that is or may be in competition with the Employer whereby such services would be directly, materially or substantially related to services existing with Employer.
(c) If the Employee has participated, or participates within 12 months of termination of employment, with the Employer in discussions or negotiations with a client of the Employer regarding services, then Employee agrees not to do any act that will cause the client to make use of services of an existing or forming company that is or may be in competition with the Employer, whereby such services in which Employee has directly, materially, or substantially involved, related to services existing with the Employer.