872 So.2d 283 (2004)
Larry SCARBROUGH, Appellant,
v.
LIBERTY NATIONAL LIFE INSURANCE CO., Appellee.
No. 1D03-2905.
District Court of Appeal of Florida, First District.
March 31, 2004.
*284 Donald E. Pinaud, Jr., of Kattman & Pinaud, P.A., Jacksonville, for Appellant.
Eric J. Holshouser and Amy H. Reisinger of Coffman, Coleman, Andrews & Grogan, P.A., Jacksonville, for Appellee.
PER CURIAM.
This is an appeal from an order temporarily enjoining appellant, Larry Scarbrough, from soliciting the sale of insurance to customers of appellee, Liberty National Life Insurance Company, his former employer, on behalf of his current employer, Colonial Life Insurance Company. Scarbrough signed a non-compete contract with Liberty on March 4, 1996, wherein he agreed not to solicit the replacement of insurance coverage with Liberty's customers for 18 months after termination of his employment. He complains that he did not violate the terms of the contract, because his former Liberty customers first approached him regarding a change in insurance coverage. We affirm.
Initially, we note that our review standard over orders granting temporary injunctions is whether the trial court abused its discretion in so acting. In our judgment, no abuse of discretion occurred. Scarbrough relies on the rule that contracts restraining persons from exercising their lawful professions are void unless expressly authorized by section 542.33(2)(a), Florida Statutes (1995).[1] He cites cases construing such statute as not forbidding an employee from soliciting an employer's old clients who voluntarily follow the employee to his or her new place of business. See J.K.R., Inc. v. Triple Check Tax Serv., 736 So.2d 43, 44 (Fla. 1st DCA 1999) (issuance of temporary injunction was too broad, because the words in the parties' agreement, "call upon, solicit, *285 divert or take away," only prohibited the former employee and his agency "from taking proactive steps to obtain" former clients, but did not prevent them "from accepting ... clients who actively [sought] their assistance."); Kephart v. Hair Returns, 685 So.2d 959 (Fla. 4th DCA 1996).
We consider the facts in the above cases distinguishable. The trial court concluded that even if the former client had initiated the contact with Scarbrough, a solicitation could nonetheless occur if, as the evidence disclosed, Scarbrough made a comparison for the client between the benefits and premiums afforded by the two insurance companies. We cannot say the lower court's decision in this regard was an abuse of discretion. Neither the parties' non-compete contract nor the statute defines the term "solicit." Solicitation is defined in BLACK'S LAW DICTIONARY 1398 (7th ed.1999), as "the act or an instance of requesting or seeking to obtain something; a request or petition." It reasonably appears from the above definition that a person may, in appropriate circumstances, solicit another's business regardless of who initiates the meeting. Cf. FCE Benefit Adm'rs Inc. v. George Washington Univ., 209 F.Supp.2d 232, 239 (D.D.C.2002) (holding that an insurance agent breached an agreement not to "call upon, solicit, or take away" her former employer's customers, because "[e]ven though she was initially contacted by Melwood [a former customer],... she assumed an active role in Melwood's decision-making process."). The active involvement of a former employee in enticing a customer away from the prior employer appears to have been clearly envisaged by this court in J.K.R., because we there recognized that the term "solicit" in an agreement prohibited the employee from being "proactive" in such efforts.
The order granting the application for temporary injunction is in all respects
AFFIRMED.
ERVIN and BOOTH, JJ., and SMITH, Senior Judge, CONCUR.
NOTES
[1] Section 542.33(2)(a) provides, in pertinent part:

[O]ne who is employed as an agent, independent contractor, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area....