SUAREZ, J.
The City of Miami Beach (“City”) appeals a non-final order granting a temporary injunction in favor of the appellees, Kuoni Destination Management, Inc., Ernesto Bertarelli, and Thomas Kramer (“Kuoni”), enjoining the City from closing a private party alleged to have been in violation of section 142-109 of the Miami Beach Code, which prohibits commercial use of residential property. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(B). We determine the issue moot, decline to address the merits of the order granting the temporary injunction and remand to the circuit court to determine in the action pending below whether a residence rented for the purpose of a private party is in violation of the ordinance.
Kuoni entered into an agreement with Thomas Kramer whereby it paid $40,000.00 for the use of Kramer’s residence on Star Island from Saturday, March 5, 2011, until Sunday, March 6, 2011, to serve as the location for a birthday party being produced for a client of Kuoni’s with an expected 200 guests in attendance. The City sent a March 4, 2011 letter to Kuoni advising that it would be in violation of the Miami Beach Code, section 142-109,[1] prohibiting the use of *532 residential property rented for purposes of a third-party host or a commercial event. On March 5, 2011, Kuoni brought an action for injunctive and declaratory relief against the City alleging that the limited commercial use was not barred by section 142-109, and that irreparable injury would result if the party were not allowed to go forward. Kuoni moved for a temporary injunction which the trial court granted on March 5, 2011. The party took place as planned. This non-final appeal ensued from the order granting the temporary injunction against the City, allowing the party to take place. A counterclaim filed by the City for a permanent injunction against Thomas Kramer is pending below.
The standard of review on an order granting a temporary injunction is abuse of discretion. Wise v. Sehmidek, 649 So.2d 336 (Fla. 3d DCA 1995) (holding that an appellate court will not disturb trial court’s discretion in granting, denying, dissolving, or modifying an injunction unless clear abuse of discretion is demonstrated). If a legal principle is involved, the standard of review is de novo. Lamiwood Med. Ctr., Inc. v. Desai, 54 So.3d 1027 (Fla. 4th DCA 2011).
The requirements for establishing the right to a temporary injunction are: the likelihood of irreparable harm; the unavailability of an adequate remedy at law; the substantial likelihood of success on the merits; the threatened injury to the petitioner outweighs the possible harm to the respondent; and the granting of the temporary injunction will not dis-serve the public interest. Graham v. Edwards, 472 So.2d 803, 806 (Fla. 3d DCA 1985). A party seeking to restrain enforcement of a municipal ordinance on grounds of irreparable injury must show sufficient facts so clearly that a trial court may determine the extent of injury and grant relief by injunction if justified. Egan v. City of Miami, 130 Fla. 465, 178 So. 132, 133 (1938). We find the present issue of irreparable injury to be moot as the birthday party in question took place as planned. Although we recognize that an appellate court has jurisdiction to address moot questions that are likely to recur,[2] see Paul Jacquin & Sons, Inc. v. City of Port St. Lucie, 69 So.3d 306 (Fla. 4th DCA 2011), we decline to address the determination made below on the sufficiency of facts supporting the granting of the temporary injunction.
Because the purpose of a temporary injunction is not to resolve disputed issues, but rather to preserve the status quo pending final hearing on the merits, Garcia v. Dumenigo, 46 So.3d 1085 (Fla. 3d DCA 2010); Escudero v. Hasbun, 689 So.2d 1144 (Fla. 3d DCA 1997); Ladner v. Plaza Del Prado Condo. Ass’n, 423 So.2d 927 (Fla. 3d DCA 1982), and since the operative event in this case, the private *533 party, has already taken place,[3] we decline to address the merits concerning the interpretation of the Miami Beach Code, and we remand to the trial court for consideration of the City’s counterclaim, which remains pending below, and for the trial court’s determination of whether the City presents a reasonable interpretation of the ordinance in light of the presumption of an ordinance’s reasonableness. See City of Ft. Lauderdale v. Canary Enters., 546 So.2d 1114, 1116 (Fla. 4th DCA 1989) (citing City of Miami v. Kayfetz, 92 So.2d 798 (Fla.1957)). On remand, the City is to be given wide latitude in its interpretation of the ordinance if there does not appear to be an abuse of authority violating Kuoni’s fundamental rights. See Kayfetz, 92 So.2d at 801.
Remanded with directions.
SHEPHERD, J., concurs.

.Sec. 142-109. — Commercial use of single-family homes prohibited.
(a) Intent and purpose: The land development regulations restrict residential properties to residential and compatible accessory uses. Commercial uses on residential properties are prohibited, with limited exceptions. While residents are entitled to enjoy the use of their property consistent with the applicable regulations, in order to ensure and protect the enjoyment, character and value of residential neighborhoods and buildings, the provisions herein are established.
(b) Definitions: "Use of residential property" or “use of the property” in this section shall mean occupancy of residential property for the purpose of holding commercial parties, events, assemblies or gatherings on the premises.
(c) Regulations: Determination of commercial use.
(1) Accessory use of residential property shall be deemed commercial and not permitted, except as otherwise provided for in the Code, if:
a. Compensation to owner. The owner, lessee or resident receives payment or other consideration, e.g., goods, property or services, in excess of $100 per party or event for the commercial use of the property, including payment by any means, direct or indirect, including security deposits: or
b. Goods, property or services offered or sold. Goods, property or services are offered for sale or sold on or at the property, during use of the property; however, this subsection shall not apply, if:
1. All of the goods, property or services offered are donated to or for charitable, religious or political organizations or candidates for public office, that have received 501(c)(3) or other tax exempt status under the U.S. Internal Revenue Code, as amended, or in accordance with applicable election laws; or
2. All of the proceeds from sales are directly payable and paid to charitable, religious or political organizations or candidates for public office, that have received 501(c)(3) or other tax exempt status under the U.S. Internal Revenue Code, as amended, or in accordance with applicable election laws. An organization or candidate may reimburse donors for goods or property donated; or
3. The sale is of the property itself or personal property of the owner or resident (excluding property owned by a business), and if publicly advertised, comply with subsection (3) below.
4. Notwithstanding the restrictions in subsections (l)b. 1.-3., limited commercial use of the property by the
owner or resident for the sale of goods, property or services shall be allowed under the following criteria.
The event:
i. Is by private invitation only, not publicly advertised;
*532 ii. Creates no adverse impacts to the neighborhood;
iii. The activity and its impacts are contained on the property;
iv. Parking is limited to that available on-site, plus 11 vehicles legally self-parked near the property, with no busing or valet service; and
v. Frequency is no greater than one event per month; or
c. Admittance fees. Use of the property by attendees requires an admittance or membership fee or a donation, excluding donations directly payable and paid by attendees to charitable, religious or political organizations or candidates for public office, that have received 501(c)(3) or other tax exempt status under the U.S. Internal Revenue Code, as amended, or in accordance with applicable election laws.

. The City represented at oral argument that this same factual and procedural scenario would recur.

. The City was temporarily enjoined from closing the party, which took place on March 5, 2011.