DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRANSUNION RISK AND ALTERNATIVE DATA SOLUTIONS, INC.,**
Appellant,

v.

**JAMES REILLY,**
Appellee.

No. 4D15-494

[December 2, 2015]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, West Palm Beach County; Jessica Ticktin, Judge; L.T. Case No. 2014CA012997.

James G. Sammataro and Brendan S. Everman of Stroock & Stroock & Lavan, LLP, Miami, for appellant.

Michael R. Tolley, Dennis Richard and Douglas J. Giuliano of Richard and Richard, P.A., Miami, for appellee.

DAMOORGIAN, J.

Appellant, Transunion Risk and Alternative Data Solutions, Inc. ("TRADS"), appeals from an order denying its motion for a preliminary injunction to enforce a restrictive covenant not to compete against its former employee, James Reilly. Because the trial court failed to correctly apply the statutory presumption of irreparable injury under section 524.335(1)(j), Florida Statutes (2013), and its remaining findings are not adequately supported, we reverse and remand for further proceedings.

Background

By way of background, TRADS sued Reilly and sought to enforce a non-compete agreement. In conjunction with its suit, TRADS also filed a motion for temporary injunction to enforce the non-compete. Following a partial evidentiary hearing[1] wherein the court adjourned after TRADS presented its case without requiring Reilly to put on his defense, the court

---

[1]    We have sealed portions of the evidentiary hearing as confidential.

entered an order denying TRADS' motion. As sole grounds for denial, the court's order provided:

> [T]he presumption of irreparable harm was rebutted based upon the evidence received and admissions of [TRADS'] witnesses; that [TRADS] failed to establish that it has no adequate remedy at law; that [TRADS] failed to establish that it has a substantial likelihood of success on the merits; and that [TRADS] failed to establish that a temporary injunction will serve the public interest.

Analysis

We review this order under a hybrid standard of review. *Hilb Rogal & Hobbs of Fla., Inc. v. Grimmel*, 48 So. 3d 957, 959 (Fla. 4th DCA 2010). "'To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.'" *Id.* (quoting *E.I. DuPont de Nemours & Co. v. Bassett*, 947 So. 2d 1195, 1196 (Fla. 4th DCA 2007)).

Section 542.335, Florida Statutes, governs the enforcement of restrictive covenants. Under section 542.335, "[a] trial court may grant a temporary injunction if the complainant proves '(1) the likelihood of irreparable [injury], (2) the unavailability of an adequate remedy at law, (3) a substantial likelihood of success on the merits, and (4) that a temporary injunction will serve the public interest.'" *Grimmel*, 48 So. 3d at 959 (quoting *Envtl. Servs., Inc. v. Carter*, 9 So. 3d 1258, 1261 (Fla. 5th DCA 2009)). We address the court's findings as to each element TRADS was required to prove.

**1) The Likelihood of Irreparable Injury**

With respect to the first element, the "likelihood of irreparable injury, section 542.335(1)(j) provides, in relevant part, that "[t]he violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." An enforceable restrictive covenant is one in which "the contractually specified restraint is reasonably necessary to protect [a] legitimate business interest." § 542.335(1)(c), Fla. Stat. Section 542.335(1)(b) sets forth a non-exhaustive list of "legitimate business interests." "Therefore, to benefit from the presumption of irreparable injury, the party seeking to enforce a covenant not to compete must show that the covenant protects a legitimate business interest as defined by section 542.335(1)(b) and that

the covenant was violated." *Walsh v. Paw Trucking, Inc.*, 942 So. 2d 446, 448 (Fla. 2d DCA 2006).

Although the court found that the presumption of irreparable injury applied, and thus also necessarily found that TRADS established Reilly violated an enforceable restrictive covenant, it concluded that the presumption was rebutted by the evidence. This conclusion establishes that the trial court misapplied the presumption. Once the party seeking to enforce the covenant establishes that it is entitled to the presumption of irreparable injury, "the statute shifts the burden to the respondent to establish the absence of injury." *DePuy Orthopaedics, Inc. v. Waxman*, 95 So. 3d 928, 939 (Fla. 1st DCA 2012). As the trial court's ruling was issued before Reilly presented any evidence, Reilly could not have met his burden of presenting evidence overcoming the presumption.

### 2) Unavailability of an Adequate Remedy at Law

The trial court also denied TRADS' motion on the grounds that it failed to establish the unavailability of an adequate remedy at law. In light of the court's finding that the presumption applied, this was also error as the continued breach of a non-compete agreement threatens a former employer's "goodwill and relationships with its customers, and nothing short of an injunction would prevent this loss." *Id.* at 940 (citing *Variable Annuity Life Ins. Co. v. Hausinger*, 927 So. 2d 243, 245 (Fla. 2d DCA 2006) (holding that the ability to demonstrate actual monetary damages does not preclude a finding of irreparable harm to support injunctive relief)).[2]

### 3) Substantial Likelihood of Success on the Merits

The trial court found that TRADS "failed to establish that it has a substantial likelihood of success on the merits." This finding runs contrary to the trial court's implied finding that TRADS established Reilly violated an enforceable restrictive covenant. *Walsh*, 942 So. 2d at 448 ("Evidence that an enforceable covenant not to compete was breached will support a trial court's finding of the likelihood of success on the merits.").

### 4) The Public Interest in Issuing an Injunction

---

[2] We note also that TRADS' inability to document Reilly's "use" of "confidential information" is not dispositive when analyzing the presumption of irreparable injury. *See, e.g., Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1233 (11th Cir. 2009).

Under section 542.335(1)(i), a trial court must specifically articulate an overriding public policy reason if it refuses to enforce a non-compete covenant based on public policy grounds. § 542.335(1)(i), Fla. Stat. Although the court ruled that "TRADS failed to establish that a temporary injunction will serve the public interest," it failed to "specifically articulate an overriding public policy reason" as required by the statute.

Conclusion

In sum, while the trial court recognized that the presumption of irreparable harm arose, it erred as a matter of law by concluding that it was rebutted by Reilly when Reilly did not put on a rebuttal case. In that vein, the trial court's remaining findings were either misinformed or inadequate under section 542.335. Accordingly, we reverse and remand for the trial court to complete the hearing to consider Reilly's opposition to temporary injunctive relief.

*Reversed and remanded.*

GROSS and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4