# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-154
Lower Tribunal No. 16-540
_____

## Telemundo Media, LLC, a Delaware limited liability company,
Appellant,

vs.

## Joshua Mintz, and TV Azteca, S.A. de C.V.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Greenberg Traurig, P.A., Elliot H. Scherker, Julissa Rodriguez and Stephanie L. Varela; Irell and Manella, LLP and Steven A. Marenberg (Los Angeles, CA), for appellant.

Broad and Cassel, Beverly A. Pohl (Fort Lauderdale), Mark F. Raymond, and Kimberly J. Freedman, for appellee Joshua Mintz.

Before SHEPHERD, LAGOA and FERNANDEZ, JJ.

FERNANDEZ, J.

Telemundo Media, LLC, etc., appeals the denial of injunctive relief. We reverse the trial court's denial because all of the elements for injunctive relief are satisfied.

Joshua Mintz commenced employment with Telemundo as a key executive. Pursuant to the Employment Agreement, effective January 1, 2015, Telemundo agreed to employ Mintz through and including December 27, 2017, subject to Telemundo's irrevocable option to extend the term of employment through December 26, 2018. The parties agreed that Mintz's employment and services were exclusive to Telemundo.

The parties also agreed that for the "six (6) months period after the termination" of Mintz's employment, Mintz would "not, either directly or indirectly, provide services (as an employee or in any other status or capacity) to any Spanish-language media competitor of Telemundo in the news, entertainment, new media (e.g. the Internet, etc.) and telecommunications industries, within the United States."

The parties recognized that Mintz's services were "of a special, unique, unusual, extraordinary and intellectual character, giving them a peculiar value, the loss of which the Company cannot be reasonably or adequately compensated for in damages." Mintz agreed to abide and be bound by Telemundo's alternative dispute resolution ("ADR") process.

On November 23, 2015, Mintz informed Telemundo that he intended to accept a position with Azteca, one of Telemundo's biggest competitors. Telemundo invoked

the ADR process on December 23, 2015. On January 7, 2016, Mintz informed Telemundo that he intended to leave Telemundo and begin work at Azteca on January 13, 2016.

Telemundo filed its action on January 11, 2016, seeking injunctive relief to enjoin Mintz from commencing employment with Azteca pending the resolution of the ADR process. Telemundo also filed its motion for temporary injunctive relief, which the trial court denied, concluding that Mintz was entitled to work for Azteca in Mexico City because the non-competition clause only applied within the United States.

The abuse of discretion standard generally applies on the appeal of orders that grant or deny temporary injunctions, but the standard of review is de novo if a legal principle is involved. See City of Miami Beach v. Kuoni Destination Mgmt., Inc., 81 So. 3d 530, 532 (Fla. 3d DCA 2012). This Court reviews a trial court's interpretation of a contract de novo. See Dirico v. Redland Estates, Inc., 154 So. 3d 355, 357 (Fla. 3d DCA 2015). "[W]here a trial court's order on a temporary injunction is based on an interpretation of a contract," a de novo standard of review likewise applies. DePuy Orthopaedics, Inc. v. Waxman, 95 So. 3d 928, 934 (Fla. 1st DCA 2012).

It is well established that a temporary injunction lies when five requirements are satisfied: (1) the substantial likelihood of success on the merits, (2) the likelihood of irreparable harm, (3) the unavailability of an adequate remedy at law, (4) the threatened injury outweighs the possible harm, and (5) and the issuance of the

temporary injunction will not disserve the public interest. See Kuoni Destination Mgmt., 81 So. 3d at 532. See also Airport Executive Towers v. CIG Realty, Inc., 716 So. 2d 311, 313 (Fla. 3d DCA 1998). The party seeking an injunction must satisfy each element with competent, substantial evidence. See Concerned Citizens for Judicial Fairness, Inc. v. Yacucci, 162 So. 3d 68, 72 (Fla. 4th DCA 2014).

Each element for injunctive relief is satisfied with competent, substantial evidence. Telemundo established a substantial likelihood of success on the merits. The employment agreement unequivocally obligates Mintz to provide his unique personal services exclusively to Telemundo for the contractually specified period through December 27, 2017. Mintz's stated intent to provide his services to Telemundo's competitor and subsequent departure during this period violates these provisions.[1]

Telemundo also established an inadequate remedy at law and irreparable injury. A monetary damage award cannot compensate Telemundo for Mintz's breach because Mintz's services are unique and irreplaceable. Additionally, ADR proceedings are pending and continuation of a breach renders the process a nullity, and an award in Telemundo's favor could not return the parties to their initial status quo.

---

[1] This is notwithstanding the language in the exclusivity provision that the trial court construed to mean that Mintz could provide his services to Telemundo's competitor outside of the United States.

4

Telemundo likewise satisfied the remaining two elements for injunctive relief. The balance of hardships tips in favor of Telemundo. It is undisputed that Mintz promised to provide unique personal services exclusively to Telemundo during the term of his agreement, and his agreement that any breach of his promise would bring irreparable injury to Telemundo. Mintz failed to introduce evidence that the issuance of the injunction would harm him more than Telemundo. Nor does an injunction disserve the public interest where, as here, there are contractual rights at issue and "the public has a cognizable interest in the protection and enforcement of contractual rights." Hilb Rogal & Hobbs of Fla., Inc. v. Grimmel, 48 So. 3d 957, 962 (Fla. 4th DCA 2010).

Telemundo thus satisfied all of the elements for injunctive relief with competent, substantial evidence. We therefore reverse the order denying the motion for temporary injunction and remand with directions to grant the motion and enter the requested temporary injunction reinstating the status quo and prohibiting Mintz from working at Azteca, or any other competitor consistent with the contractual provision, pending the resolution of the ADR proceedings.[2] Our decision shall take effect immediately notwithstanding the filing of any motion for rehearing.

Reversed and remanded with directions.

---

[2] At oral argument, the parties represented that the ADR process has been initiated.

5