Forst, J.
Against the backdrop of the aphorism that “all politics is local,” we address a trial court decision with respect to a challenge to a condominium association’s board of directors election. As discussed below, we reverse the temporary injunction entered against Appellant M & M Property Management, LLC, allowing it to continue to operate in service of the board elected on March 2.
Background
On February 29, 2016, the then-Board of Directors of the Appellee condominium association attempted to postpone the annual board election scheduled for March 2, 2016. Although there is some ambiguity as to what exactly occurred at the February 29 meeting, the record could support the conclusion that the Board voted 6-3 in favor of postponement.[1] However, there is no indication that the actual voting members of the association ever voted to postpone the election. An election was nonetheless ostensibly held on March 2, at which a new board was elected.
The dispute at issue between Appellee (in the form of the first board) and Appellant M & M stems from the latter’s refusal to recognize the continued authority of the first board. In seeking an injunction, Ap-pellee claimed that the election was fraudulent because of the vote to postpone and, therefore, that the Board which existed on February 29, 2016, continued to exist and should have been recognized by M & M. Appellee alleged that it was harmed by being cut out of daily operations of the association and by being removed from the association’s bank accounts. The trial court granted a preliminary injunction requested by Appellee and ordered M & M to recognize the pre-March 2 “election” Board and provide it the access and control over the association that it sought. M & M challenges that preliminary injunction on appeal.
Analysis
Whether Appellee has demonstrated a substantial likelihood of success on the merits depends on the legal issue of whether the vote to postpone the election was effective. As such, we review this case de novo. Telemundo Media, LLC v. Mintz, 194 So.3d 434, 435 (Fla. 3d DCA 2016).
It is well-established that a temporary injunction lies when the following requirements are proved by the party seeking the injunction: “(1) it will suffer irreparable harm unless the injunction is entered, (2) there is no adequate remedy at law, (3) there is a substantial likelihood that the party will succeed on the merits, and (4) that considerations of the public interest *59 support the entry of the injunction.” Concerned Citizens for Judicial Fairness, Inc. v. Yacucci, 162 So.3d 68, 72 (Fla. 4th DCA 2014) (emphasis added).
The Florida Administrative Code provides that “[i]n order to adopt different voting and election procedures in its bylaws ... an association must obtain the affirmative vote of a majority of the total voting interests .... ” Fla. Admin. Code R. 61B-23.0021(1)(c) (emphasis added). The relevant bylaws here state that directors “shall” be elected at a meeting which “shall be held on the first Wednesday in March of each year.” March 2 was the first Wednesday in March during 2016. To the extent that Rule 61B-23.0021(1)(c) applies to the postponement here, it commands that the vote to postpone be taken by all of the relevant voting interests, not just the Board, because that change would itself be the adoption of different voting procedures than the rule provides. That was not done. As such, Appellee failed to show it had a “substantial likelihood” of prevailing because it did not provide authority circumventing application of Rule 61B-23.0021(1)(c) to this scenario, nor any other authority supporting the Board’s ability to postpone the election.[2]
Conclusion
We therefore reverse because Appellee failed to demonstrate the third requirement of a temporary injunction; namely, that it had a substantial likelihood of succeeding on the merits. In this case, the bylaws set the annual meeting and election date and Appellee did not provide any authority permitting a postponement based solely on a majority vote of the Board.

Reversed.

Ciklin, C. J. and Klingensmith, J., concur.

. We do not intend this statement to be interpreted as any finding that this vote in fact did or did not occur, should the issue be relevant in further proceedings.

. We emphasize that the burden in this case was on Appellee to provide authority that would support not applying Rule 61B-23.0021(c)(1). This opinion should not be read as holding anything with regard to the actual application of that rule beyond the simple recognition that its language would seem to indicate that it may apply in this situation. The nuances and exact application of the rule are not the concern of this Court at this time.