# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0635
Lower Tribunal No. 23-12944-CA-01
_____

## Mohammed Alsaloussi, et al.,
Appellants,

vs.

## Christopher Drummond,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Gelber, Schachter & Greenberg, P.A., and Adam M. Schachter, Daniel S. Gelber, Daniel R. Walsh and Alessandra M. Siblesz, for appellants Mohammed Alsaloussi and Alsaloussi Holdings, LLC.

Boies Schiller Flexner LLP, and Jesse Panuccio, Carlos Sires, and Ivan Smerznak (Fort Lauderdale), for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Appellants Mohammed Alsaloussi and Alsaloussi Holdings, LLC appeal the trial court's order granting the motion of appellee, Christopher Drummond, for an emergency temporary injunction, precluding appellants from "liquidating, selling, auctioning, trading, or otherwise disposing of the 2018 Porsche 911 Turbo Classic . . . by sale or otherwise during the pendency of this action and until final judgment has been entered."

As the party seeking the injunction, Drummond was required to show:

> "(1) a substantial likelihood of success on the merits, (2) the unavailability of an adequate remedy at law, (3) irreparable harm absent entry of an injunction, and (4) that the injunction would serve the public interest." Fla. Dep't of Health v. Florigrown, LLC, 317 So. 3d 1101, 1110 (Fla. 2021). "The party seeking an injunction must satisfy each element with competent, substantial evidence." Telemundo Media, LLC v. Mintz, 194 So. 3d 434, 436 (Fla. 3d DCA 2016).

Tower Hotel, LLC v. City of Miami, 395 So. 3d 196, 199 (Fla. 3d DCA 2024). "The standard of review of trial court orders on requests for temporary injunctions is a hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." L. Offs. of Kravitz & Guerra, P.A. v. Brannon, 338 So. 3d 1022, 1023 (Fla. 3d DCA 2022) (quotation omitted).

Upon our review of the record, we affirm the trial court's entry of a temporary injunction. The trial court's factual findings are supported by

2

competent, substantial evidence presented at the hearing, and the trial court properly applied the law. See Joseph v. Chanin, 940 So. 2d 483, 487 (Fla. 4th DCA 2006) ("The trust is 'constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem." (quoting Wadlington v. Edwards, 92 So. 2d 629, 631 (Fla.1957))). See also Vargas v. Vargas, 771 So. 2d 594, 595-96 (Fla. 3d DCA 2000) (affirming injunction where plaintiffs sought constructive trust of corporate shares and $4.4 million in bank accounts: "The sisters have shown common ownership of the bearer shares, as well as the $4.4 million in bank accounts, and that a lifting of the injunction would expose those assets to conversion or dissipation by a third party over which the sisters have no control. Thus, if the assets are not shielded from the potential for conversion or dissipation, they might no longer be within the jurisdiction of the court. If the assets are taken outside the court's jurisdiction, the corpus of any possible constructive trust would no longer be available, thereby rendering such equitable relief unattainable should the sisters ultimately prevail on their complaint.").

Affirmed.