# Third District Court of Appeal
## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1692
Lower Tribunal No. 23-5528-FC-04
_____


**Markus Niemeyer,**
Appellant,

vs.

**Sinem Suder Niemeyer,**
Appellee.


An Appeal from a nonfinal order from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge

Lawrence S. Katz, P.A., and Lawrence S. Katz, for appellant.

Rebecca Parsons Schram, for appellee.


Before LOGUE, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

This is an appeal from the denial of an antisuit injunction in a child custody dispute. Appellant, the husband, challenges a nonfinal order denying his emergency motion to enjoin appellee, the wife, from litigating her dissolution case in the Republic of Turkey while a later-filed parallel action remains pending in Florida. The basic premise of his contended relief is that Florida, as the home state under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), has jurisdictional priority over the parties' child in common and the equities militate in his favor because the wife filed the Turkish action eight days after she abducted the child from Miami. See §§ 61.501–.542, Fla. Stat. (2023). We affirm, without prejudice.

**BACKGROUND**

In 2016, the parties wed in Miami, Florida. Their only child, T.N., was born the following year. The husband has alleged in his pleadings and motions that, upon reaching school age, the child attended a local Miami-Dade County public school. On March 9, 2023, the wife abducted the child from Miami and returned to her native country of Turkey with the child. Eight days later, the wife filed a dissolution action in Turkey.

On March 20, 2023, before the husband was served with process, the Turkish family court issued an interim order granting the wife custody and

2

restraining the child from leaving Turkey. In doing so, the court found that Turkey was the child's habitual residence.

On March 23, 2023, the husband, evidently unaware of the pending Turkish case, filed a dissolution action in the Miami-Dade circuit court. Two weeks later, he filed an application with the United States Department of State, Office of Children's Issues, seeking the return of the child pursuant to the Convention of 25 October 1980 on the Civil Aspects of International Child Abduction (the "Hague Convention"), a multilateral treaty to which both Turkey and the United States are parties.

On October 19, 2023, the husband served the wife with the Miami-Dade dissolution petition in Turkey. On October 31, 2023, the wife answered the petition, asserting that Turkey, not Florida, was the proper jurisdiction under the UCCJEA. To support her position, she alleged the child was a Turkish citizen, began her education in Turkey, spent up to six months annually in Turkey, and was enrolled in school in Istanbul.

On November 23, 2023, the Turkish Ministry of Justice filed a child abduction action on behalf of the husband in the 14th Family Court of Istanbul under the Hague Convention. On February 14, 2024, the husband filed an Emergent Motion for Mandatory Injunction Restraining the Wife from Proceeding with Divorce Litigation in Turkey. On May 8, 2024, the 14th

3

Family Court accepted the Hague case and ordered the return of the child to Miami, finding Turkey was not her habitual residence. The wife unsuccessfully appealed the decision to the Istanbul Regional Court of Justice and the Turkish Supreme Court.

Meanwhile, the husband amended his antisuit motion in the Florida case, and the parties proceeded to a nonevidentiary hearing. Citing a lack of irreparable harm, among other factors, the trial court denied the motion. This appeal followed. The Hague case is currently stayed by order of the Turkish Constitutional Court.

## STANDARD OF REVIEW

We review the denial of a temporary injunction for an abuse of discretion. Telemundo Media, LLC v. Mintz, 194 So. 3d 434, 435 (Fla. 3d DCA 2016). To the extent that such a decision implicates legal principles, however, we conduct a de novo review. Id.

## LEGAL ANALYSIS

Trial courts have the authority to grant antisuit injunctions. See Cole v. Cunningham, 133 U.S. 107, 119, 134 (1890) (holding a court may enjoin a party subject to its jurisdiction from pursuing litigation in a foreign court); Auerbach v. Frank, 685 A.2d 404, 406 (D.C. 1996) (quoting 43A C.J.S. Injunctions § 59, at 48 (1978 ed.)) ("Generally, under proper equitable

4

circumstances, a court may enjoin parties within its jurisdiction from prosecuting actions in other states or foreign countries, where sufficient grounds for granting such relief exist."); Roberts Realty of Bah., Ltd. v. Miller and Solomon (Bah.), Ltd., 234 So. 2d 417, 418 (Fla. 3d DCA 1970) ("The power to restrain parties from litigating in another jurisdiction may be exercised properly where irreparable harm will result to the movant from a denial of the relief sought."). But the general rule is that "when concurrent jurisdiction exists" in parallel fora, "'each forum is ordinarily free to proceed to a judgment.'" Auerbach, 685 A.2d at 407 (quoting Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 926 (D.C. Cir. 1984)).

Antisuit injunctions involving foreign proceedings implicate an additional layer of concern. "[S]ince the effect of an injunction is to 'restrict the foreign court's ability to exercise its jurisdiction,' which may invite reciprocal action in kind, 'only in the most compelling circumstances does a court have discretion to issue an antisuit injunction.'" Id. (quoting Laker Airways, 731 F.2d at 927)).

Before issuing an antisuit injunction, the "court 'should focus on (1) whether an action in the foreign jurisdiction prevents [the state's] jurisdiction or threatens a vital [state] policy, and (2) whether the domestic interests outweigh concerns of international comity.'" NextEra Energy Glob. Holdings

5

B.V. v. Kingdom of Spain, 112 F.4th 1088, 1107 (D.C. Cir. 2024) (quoting Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft, 491 F.3d 355, 361, 361 n.4 (8th Cir. 2007)).

Against these principles, we examine the instant case. Here, the husband contends the trial court erred in denying relief because an antisuit injunction is necessary to protect its jurisdiction. The essence of his argument is that Florida has jurisdictional priority over the child because it is the child's home state. And therefore, he argues, the Turkish family court's interim ruling runs afoul of the UCCJEA and given the lack of service, traditional notions of due process. See §§ 61.503(7), .514(1)(a), .515(1), Fla. Stat.

We agree with the husband's construction of the UCCJEA, but this limited record presents insurmountable procedural hurdles. First, the trial court did not conduct an evidentiary hearing, and the wife asserted in her answer that Turkey is the child's habitual residence, therefore "Turkey and the Istanbul 9th Family Court has sole jurisdiction on the matter." To support this allegation, she contended the child is a Turkish citizen who has lived in Turkey for up to six months each year and attended school in Turkey.

These allegations stand in contrast to the husband's contention that the child has lived continuously in Miami since birth, been enrolled in a

Miami-Dade County public school, and is only in Turkey because the wife abducted her. Given the further fact that the Turkish family tribunal found Turkey to be the child's "habitual residence," a finding the Hague-related courts have thus far eschewed, we cannot conclusively resolve the factual issues bearing on jurisdiction under the UCCJEA.

Additionally, while equitable factors are paramount in a dispute of this nature, the trial court is afforded ample discretion in handling multifaceted and parallel litigation. See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183–84 (1952). And here, the Turkish Constitutional Court stayed the Hague order returning the child pending further ruling. The Miami-Dade court has bifurcated the child custody determination and set a trial date on the remaining issues relating to dissolution, ostensibly awaiting further ruling from the Hague court. Given these unique circumstances, we cannot, at this stage in the proceedings, impute any abuse of discretion.

Accordingly, we affirm without prejudice to the husband's right to seek an evidentiary hearing or renew his motion upon further ruling from the Turkish Constitutional Court.

Affirmed.